SMITH, Justice,
for the Court:
The issue before this Court is whether Claimant Edna Williams timely filed a petition for review of the amended order of the administrative judge with the Workers’ Corn-pensation Commission. We find that the petition was timely filed.
There is no dispute that the time limit for filing a petition for review is twenty (20) days. Miss.Code Ann. § 71-3-47 (1972) provides that a party has twenty days in which to file a petition for review. Procedural Rule 10 of the Commission also allows twenty days for filing of a petition of review. Caselaw is equally clear that if the petition for review is not filed within twenty days, further action is barred. Staples v. Blue Cross & Blue Shield, 585 So.2d 747, 748 (Miss.1991); Marlboro Shirt Co. (Reliance Mfg. Co.) v. Whittington, 195 So.2d 920, 921 (Miss.1967).
In the present ease, an amended order of the administrative judge was filed on November 20, 1991. Claimant’s petition was stamped “Received” by the Commission on December 11,1991. The employer and carrier subsequently filed a motion to dismiss the petition as not being timely filed and on February 27, 1992, the Commission entered an order dismissing the claimant’s petition. The Circuit Court of Lee County also found that the petition was not timely filed and dismissed the appeal.
In two previous Commission decisions cited by Williams, the Commission acknowledged fault in its method of handling incoming mail and held the otherwise untimely filed petitions were “constructively filed” within the twenty day period. In both Lefevre v. Day-Brite Lighting Co., Div. of Emerson Electric Co., MWCC # 86-07896-D-54097 and McNeese v. Cooper Tire and Rubber, MWCC # 88-13115-D-5237, the Com mission noted that its procedure for picking up mail once daily prior to all the mail being posted resulted in a “loss of one day which could not be anticipated by a party mailing in pleadings to be filed with the Commission.” Acknowledging the benefieient purposes of the Act, the Commission determined that the petitions for review were timely filed at the Commission post office within the twenty days allowed for the filing of a petition for review even though the petitions were marked received on the twenty-first day.
Neither the Commission rule nor the statute specifies a method for calculating the *192 time. As the Commission did in these two cases, a one day only allowance may be made to compensate for internal procedures so as not to penalize claimants for matters beyond their control. The fiction that the petition was constructively received and filed at the Commission’s post office box may be applied so long as this method of calculation of the time is allowed for all claimants. Giving Edna Williams the benefit of this calculation of time, we find that her petition was timely filed. This case is reversed and remanded to the Commission for consideration on the merits of her petition.
REVERSED AND REMANDED TO THE WORKERS’ COMPENSATION COMMISSION FOR CONSIDERATION ON THE MERITS.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.