# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CC-00999-SCT

*JHYNERVITCZ WEBSTER*

*v.*

*SHONEY'S, INC., SELF-INSURED*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/19/95 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVIS C. SCOTT JR. |
| | J. PEYTON RANDOLPH II |
| ATTORNEY FOR APPELLEE: | H. BYRON CARTER, III |
| NATURE OF THE CASE: | CIVIL - WORKER'S COMPENSATION |
| DISPOSITION: | AFFIRMED - 6/12/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/3/97 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

This workers' compensation appeal arises from an order by the Circuit Court of Madison County which affirmed the full Workers' Compensation Commission's order dismissing Jhynervitcz Webster's claim for benefits. Jhynervitcz Webster alleges that the circuit court and the Commission abused their discretion and erred as a matter of law by dismissing his case as a sanction for the neglect and omissions committed by his attorney. Finding that Webster's appeal from the decision of the administrative law judge's order was not timely, we affirm the circuit court's order.

## I.

Webster was injured on December 7, 1991, when he slipped and fell on a wet floor while working at Shoney's in Ridgeland, Mississippi. Shoney's filed an employer's notice of controversion with the Workers' Compensation Commission on January 29, 1992, stating that Webster alleged that an injury had occurred on December 7, 1991, but denying responsibility for the injury. On March 12, 1992,

Webster hired G. Johnson Rice, Jr. to represent him regarding his claim against Shoney's, but Rice withdrew as Webster's attorney on June 16, 1992. Subsequently, Webster filed his petition to controvert pro se, on December 21, 1992. Shoney's answered this petition on December 31, 1992.

The Commission issued a notice of pretrial conference on January 27, 1993, scheduling the claim for a conference on February 1, 1993. Webster, on February 3, 1993, employed Firnist J. Alexander, Jr. to represent him for medical and permanent disability benefits before the commission.[1] After taking on Webster as a client, Alexander filed a motion to extend discovery for an additional sixty days on August 24, 1993. Although Alexander believed that all pending discovery could be made in sixty days, he engaged in no discovery during this period. On October 19, 1993, Shoney's filed its Pretrial Statement, while Webster never filed one.

On February 8, 1994, the Commission granted Webster another extension of thirty days to file a pretrial statement. The Commission warned him that failure to furnish the statement within the time provided would result in dismissal of his claim. On April 4, 1994, notice was sent to Webster that no pretrial statement had been filed, but gave the claimant even more time to file it. On April 24, 1994, Webster filed a second motion to extend discovery, identical to the motion filed on August 24, 1993. The Commission again granted Webster more time, this time extending the discovery period by thirty days. The Commission reminded Webster that a completed pretrial statement would also be due.

On June 14, 1994, Webster requested another extension of time for discovery, to which Shoney's filed an objection on June 16, 1994. A hearing was held on the matter on June 20, 1994, where the administrative law judge granted Webster's motion for another thirty-day extension of time, with a pretrial statement due fifteen days after the end of the extension.

At another hearing held in August, Webster was given another thirty days from August 19, 1994, to comply with the Commission's rules, to complete discovery, and to file the pretrial statement.[2] Although subpoenas were issued in September to conduct depositions, Webster never conducted any depositions or conducted any written discovery after August 19, 1994, and never filed the pretrial statement with the Commission. Further, Webster never responded to discovery served upon him by Shoney's.

Shoney's moved to dismiss the case with prejudice on October 4, 1994. The administrative law judge granted Shoney's motion to dismiss on October 19, 1994. The order of dismissal stated that the reason for dismissing the case was the claimant's failure to file a pre-trial statement pursuant to Commission Procedural Rule 5.

On November 14, 1994, Alexander appealed the administrative law judge's order of dismissal of Webster's claim to the full Commission with a petition to review the administrative law judge's decision. The full Commission affirmed the dismissal on December 15, 1994, when it dismissed Webster's petition, citing its untimeliness under Commission Procedural Rule 10 and Miss. Code Ann. § 71-3-47.

Alexander next appealed the full Commission's order to the Circuit Court of Madison County. Nevertheless, the circuit judge affirmed the order, finding that Webster's appeal to the Circuit Court was not timely and that the Commission properly enforced its procedural rules when it dismissed Webster's claim.

Alexander filed a notice of appeal to this Court for Webster on the final day to file such notice. Thereafter, Alexander submitted the fee to the circuit court, his last act as Webster's attorney. On September 29, 1995, Webster retained his current attorneys to prosecute the appeal. At that time, there was a pending motion by Shoney's to dismiss the appeal for Webster's failure to comply with Supreme Court rules 10(b)(1) and 11(b)(1). This Court has already denied Shoney's motion to dismiss, allowing Webster to proceed on appeal despite the procedural deficiencies.

## II.

Webster argues that a broad range of lesser sanctions might have existed which the administrative law judge should have and could have considered before sanctioning Webster for the neglect of his attorney Firnist Alexander, including fines, costs, damages against his attorney, disciplinary measure against the attorney, conditional dismissal, dismissal without prejudice, and explicit warnings through show cause orders. Webster points to M.W.C.C. Procedural Rule 5, which states that for the failure of the claimant to timely file the pretrial statement, such failure may result in dismissal of the case or other sanctions. Shoney's argues that the jurisdictional requirements for the full Commission and the Circuit Court of Madison County to hear the respective appeals were not met, because Webster did not file his appeal on time.

The Workers' Compensation Commission itself is the finder of facts, and upon judicial review, its findings and decisions are subject to the normal deferential standards, notwithstanding the actions of the administrative law judge. *Harper v. North Miss. Medical Ctr.*, 601 So. 2d 395, 397 (Miss. 1992); *Walker Mfg. Co. v. Cantrell*, 577 So.2d 1243, 1245 (Miss.1991).

> The Commission is the ultimate finder of fact, and thus may accept or reject the findings of an Administrative Law Judge. 'The administrative judge, in this respect, is no more than a facility for conducting the business of the Commission and for all practical purposes the Commission is the actual trier of the facts.' In such a factual setting, it is, therefore, the Commission, not the Administrative Law Judge, which is entitled to deference upon review. As we reiterated in *Walker*, it is well-established that 'the Circuit Courts must defer in their review to the findings of the Commission.' The Circuit Court may interfere with an administrative agency action only when that action is arbitrary or capricious. Furthermore, when a decision of the Commission is based on substantial evidence, the Circuit Court, as well as this Court, is bound by the Commission's findings of fact.

*Harper*, 601 So. 2d at 397 (citations omitted).

The administrative law judge in this case dismissed Webster's claim for failure to file a pretrial statement, pursuant to Commission Procedural Rule 5. On appeal, the full Commission found that Webster's petition for review was untimely filed pursuant to Miss. Code Ann. § 71-3-47 (1972) and Commission Procedural Rule 10. The circuit court, in affirming the order of the full Commission, found that Webster's appeal was not timely filed, that the order of the full Commission was proper, and that the Commission properly enforced its procedural rules.

It is a well-recognized proposition of law that if a petition for review is not filed within twenty days of dismissal, then the action is barred, since § 71-3-47 is jurisdictional. *Day Detectives, Inc. v. Savell*,

291 So. 2d 716 (Miss. 1974). Here, the administrative law judge granted Shoney's motion to dismiss the case in an order dated October 19, 1994. While the petition for review filed by Firnist Alexander contains a Commission stamp saying "received Nov 14 1994," the handwritten date on the certificate of service reads, "This the 9 [sic] day of November, 1994."

This Court, in *Williams v. Furniture Land*, 637 So. 2d 191 (Miss. 1992), held that a petition was timely where it was filed at the Commission post office within twenty days, even though the petition was not marked received until the twenty-first day. "[A] one day only allowance may be made to compensate for internal procedures so as not to penalize claimants for matters beyond their control." *Id*. at 192.

The only findings made by the Commission regarding when the petition was filed was that the filing was untimely. It did not address the apparent discrepancy between the date on the certificate of service and the date the petition was stamped received by the Commission, but there is no indication that the Commission even recognized the discrepancy. It can safely be presumed, however, that the Commission did not feel that the claimant deserved a "grace period" based on error by the Commission post office. *See Williams*, 637 So. 2d at 191 (noting two Workers' Compensation Commission cases where the Commission recognized that "its procedure for picking up mail once daily prior to all the mail being posted resulted in a 'loss of one day which could not be anticipated by a party mailing in pleadings to be filed with the Commission.'")

Webster attempts to couch his argument in terms of negligence on the part of his attorney, Firnist Alexander. This Court recognizes that dismissal with prejudice is a harsh disposition and should be reserved for the most egregious of cases. *Wallace v. Jones*, 572 So. 2d 371, 376 (Miss. 1990). Even though there are no affidavits to substantiate his claim, it appears that the delays in the resolution of Webster's claim were the fault of his attorney, Firnist Alexander.

Nevertheless, while Webster's assertions regarding the administrative law judge's failure to consider lesser sanctions may have some merit, the flaw in this case was procedural. Because Webster failed to timely perfect his appeal to the full Commission, review of the administrative law judge's decision was barred. The Commission limited its finding to the timeliness of the appeal; it did not address the merits of the appeal. Applying this Court's standard of deference to the Commission's findings, we find that there was substantial evidence to support the Commission's decision that claimant's petition for review was untimely filed. In addition, Webster can find no relief in the one-day grace period allowed by this Court in *Williams* because the petition in this case was marked "received" a full five days after the last day it could have been submitted.

We hold that the Commission did not err in finding that Webster failed to meet the procedural requirements of his appeal from the decision of the administrative law judge. We therefore affirm the decision of the circuit court below.

**JUDGMENT IS AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. The Commission did not receive notice of this employment until March 22, 1993.

2. A written order was entered on September 14, 1994.