LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On April 3, 2001, Mattie Ford’s claim for permanent workers’ compensation disability was denied by the administrative law judge. Ford filed her petition for review by the Full Commission twenty-one days later on April 24, 2001. KLLM subsequently filed its motion to dismiss Ford’s petition of appeal for lack of timeliness. On May 7, 2001, the Commission held that Ford’s petition for review was untimely and, thus, dismissed the appeal.
¶ 2. Ford then appealed the Commission’s decision to the Hinds County Circuit Court. On June 24, 2003, the trial judge affirmed the Commission’s decision and dismissed Ford’s appeal. Ford now appeals to this Court asserting that her failure to file her petition for review in a timely manner was the result of excusable neglect and that the Commission erred in denying her motion for enlargement of time to file an appeal along with her motion for the admission of additional evidence.
STANDARD OF REVIEW
¶ 3. At the outset, we note our standard of review in workers’ compensation cases. If supported by substantial evidence, this Court will affirm the findings and order of the Commission. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994). “This Court will reverse an order of the Workers’.Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence.” Mitchell Buick, Pontiac & Equip. Co. v. Cash, 592 So.2d 978, 980 (Miss.1991). If the Commission’s findings are supported by substantial evidence, appellate courts are bound by the Commission’s findings, even if the evidence would persuade this *1196 Court to find otherwise, if it were the fact finder. Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 12 (Miss.1994).
DISCUSSION
I. WAS FORD’S FAILURE TO FILE THE PETITION FOR REVIEW IN A TIMELY MANNER THE RESULT OF EXCUSABLE NEGLECT?
¶ 4. In her first issue, Ford argues that her failure to file the petition for review was the result of excusable neglect, thus her petition for review should have been granted. Ford asserts that although the reason for the delay was within her control, her mistake in placing the notice in the mail on the last day to file constituted excusable neglect pursuant to Mississippi Rule of Appellate Procedure 4(g). However, Mississippi Code Annotated Section 71-3-47 (Rev.2000), states that a request or petition for review by the full commission must be filed within twenty days of the decision. Procedural Rule 10 of the Commission and established case law also allow only twenty days for filing a petition of review. See Staples v. Blue Cross and Blue Shield of Miss., Inc., 585 So.2d 747, 748 (Miss.1991); Day Detectives, Inc. v. Savell, 291 So.2d 716, 720 (Miss.1974); Marlboro Shirt Co. v. Whittington, 195 So.2d 920, 921 (Miss.1967).
¶ 5. Ford admits that she mailed the petition on the last day it should have been filed. Furthermore, Ford produced no evidence of any unique facts which would permit her petition to be considered constructively filed. See Williams v. Furniture Land, 637 So.2d 191 (Miss.1994) (out of time appeal was allowed due to Commission’s faulty method of handling incoming mail). We cannot find that the Commission was in error in determining that Ford’s petition for review was untimely.
II. DID FORD’S FILING OF A MOTION TO ADMIT ADDITIONAL EVIDENCE TOLL THE TWENTY DAY APPEAL PERIOD?
¶ 6. In her other issue, Ford contends that filing a motion to admit additional evidence along with her petition for review tolled the twenty day appeal period. Ford cites Johnston v. Hattiesburg Clinic, P.A., 423 So.2d 114 (Miss.1982), for the proposition that “a motion requesting a review of evidence by the Commission which was filed within the statutory period for appealing the Commission’s order tolled the time for appeal until the Commission entered its order on the motion.” However, as we have found that Ford failed to file her appeal within the statutory period, and also admitted that she failed to file a timely appeal, we find this issue to be without merit.
¶ 7. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.