KLEIN, J.
Pisani, the owner of a home with a pool in which two young children drowned, ap *921 peals a judgment for damages, arguing that the trial court erred in allowing the jury to consider statutory and zoning violations which were not applicable. We reverse for a new trial.
At the time of the incident the children were living with their mother who was dating a man named Gahagan. Gahagan lived in a guest house behind the home of Pisani, and worked in Pisani’s restaurant. In June, 2001, the mother brought her children to the guest house and the three of them spent the night with Gahagan. When Gahagan left for work in the morning, the mother and her children were asleep, but when the mother woke up around 10:00 a.m. the children had drowned.
The father of the children, Duf-fin, was appointed personal representative and brought this suit against the owner of the property, Pisani. One of plaintiffs theories was that the defendant violated section 515.27, Florida Statutes (2001), which went into effect on October 1, 2000. The statute requires that “all new residential swimming pools, spas and hot tubs” be equipped with at least one pool safety device specified in the statute. § 515.23. Violation of the statute constitutes a misdemeanor. § 515.27(2). Notwithstanding that the pool was already on the property when defendant purchased it in 1992, plaintiff persuaded the trial court to allow a budding inspector to testify that Pisani had a responsibility to bring his property in compliance with this statute. The statute applies to newly constructed pools and is not, however, retroactive. Therefore, it is inapplicable. Metropolitan Dade Cty. v. Chase Fed. Hous. Corp., 737 So.2d 494 (Fla.1999) (statutes are not applied retroactively absent clear legislative intent).
The building inspector was also permitted to testify that, by renting out the pool house, Pisani was in violation of the Pompano Beach zoning code, because the area was zoned “one-family residential.” He was unable, however, to point to anything in the city ordinances which would make this rental illegal. Nor was the renting of the pool house causally related. The drowning could just as well have happened if the mother and children had been guests of the owner. McFarland & Son, Inc. v. Basel, 727 So.2d 266 (Fla. 5th DCA 1999) (error to admit evidence of violation of regulation absent proof of causal connection between violation and injuries).
The court also erred in allowing the building inspector to testify that section 83.51 of the Broward County Building Code, requiring proper door locks, was violated. The provision is not applicable to single-family homes or duplexes, nor does it contain any provision which was violated.
We have considered the issues raised by plaintiff on cross-appeal and find them to be without merit. Reversed for a new trial.
WARNER and TAYLOR, JJ., concur.

ON MOTION FOR CLARIFICATION

PER CURIAM.
Appellant has moved to clarify our reversal for a new trial to limit the trial to liability, pointing out that none of the issues on which we reversed involved damages. Appellee plaintiffs response has not asserted that liability and damages are intertwined, and indeed they are not, and we accordingly grant the motion for clarification and limit the new trial to liability which will include apportionment of fault.
WARNER, KLEIN and TAYLOR, JJ., concur.