# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CT-01793-SCT

*ERIKA L. FELTER*

*v.*

*FLOORSERV, INC., THE EMPLOYERS' FIRE
INSURANCE COMPANY, AND ONE BEACON
INSURANCE*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2010 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ERIKA L. FELTER (PRO SE) |
| ATTORNEYS FOR APPELLEES: | CHADWICK LESTER SHOOK |
| | LOUIE FREDERICK RUFFIN |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 05/16/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     After an administrative judge (AJ) rules on a claimant's petition to controvert a workers' compensation claim, the claimant has twenty days to file a notice of appeal with the full Mississippi Workers' Compensation Commission (Commission). In this case, the Court must determine whether an AJ's order, handed down more than twenty days after the AJ's ruling and granting a claimant thirty additional days in which to prosecute her claim, should be given legal effect by the Commission so that the claimant's notice of appeal, filed within

the additional thirty days, is timely. We find that, under the facts and circumstances presented, such an appeal is timely.

## FACTS AND PROCEDURAL HISTORY

¶2.     Erica L. Felter was injured in a car accident while working as a territorial manager for Floorserv, Inc. She filed a petition to controvert with the Commission on February 1, 2007. An AJ rendered a decision adverse to Felter on January 9, 2009. On January 29, Felter's attorney, Robert Clark, mailed to the AJ and Felter a motion to withdraw as counsel. The stated reason was that he "does not do any appellate work." Felter alleges that Clark mishandled her case, argued with her, and probably was under the influence of drugs during the pendency of her case.[1] The motion to withdraw was received by the AJ on February 2, 2009. The AJ granted the motion to withdraw by order dated February 19, 2009. The order also stated that Felter had thirty days from the date of the order to obtain new representation or prosecute her claim *pro se*. Felter appealed, *pro se*, the AJ's decision to the full Commission on March 4, 2009. The Commission dismissed her petition as untimely because it was not filed within twenty days of the AJ's January 9, 2009, decision. Felter appealed that decision to the Adams County Circuit Court, which affirmed the decisions of the Commission and the AJ. The Court of Appeals (COA) also affirmed. *See Felter v. Floorserv Inc.*, 2012 WL 2304275 (Miss. Ct. App. June 19, 2012).

---

[1]None of these assertions has any support in the record. However, Clark was suspended from practicing law in Louisiana for two years for distributing marijuana and other drug-related charges. *In re Clark*, 25 So. 3d 728 (La. 2009). He was reciprocally suspended by this Court in August 2010. *The Mississippi Bar v. Robert E. Clark*, 2010-BD-00111-SCT (August 5, 2010).

## ANALYSIS

¶3.     Felter argues that the AJ's order dated February 19, 2009, granted her thirty days, or until March 21, 2009, in which to pursue the prosecution of her claim. Because she filed her notice of appeal with the Commission within thirty days of the AJ's order, on March 4, 2009, she claims her appeal was timely and should have been considered by the full Commission. She also argues that the AJ's decision was not based on substantial evidence and she should have been able to present her case to a jury in the circuit court. Floorserv and the other defendants ("Floorserv") argue that the AJ's ruling became final on January 29, 2009, twenty days after the ruling was handed down. Floorserv claims that, after that, the Commission lacked jurisdiction to hear the appeal. The Commission, the circuit court, and the Court of Appeals all agreed with this conclusion. Because the issue of the timeliness of Felter's appeal to the Commission is dispositive to our holding, we will not analyze the other issues raised on appeal.

¶4.     The procedural and practical rules governing workers' compensation claims "shall be determined by rules of the commission . . . ." Miss. Code Ann. § 71-3-47 (Rev. 2011). Procedural Rule 10 states that any party desiring review of the AJ's decision by the full Commission "shall within twenty (20) days of the date of said decision file . . . a written request or petition for review before the Full Commission." Miss. Admin. Code 20-2-1:2.10 (2011). Procedural Rule 14 adds:

> In any case, for good cause shown, the Commission or the Administrative Judge may permit deviations from these rules insofar as compliance therewith may be found to be impossible or impracticable, except that the time limits for requesting review of an Administrative Judge's decision or for perfecting an

3

appeal to circuit court from a decision of the Commission may not be waived unless otherwise provided by statute or case law.

Miss. Admin. Code 20-2-1:2.14 (2011). Procedural Rule 14 states that an AJ may deviate from procedural rules if a party cannot comply with them. However, any deviation from the time period to appeal an AJ's decision is permitted only if it is allowed "by statute or case law." This language suggests that the courts of this state have authority to make allowances for situations in which an AJ may waive the time limit for requesting review of an AJ's decision.

¶5.     By statute, an AJ's decision to "make or deny an award . . . shall be final, unless within twenty (20) days a request or petition for review by the full commission is filed." Miss. Code Ann. § 71-3-47 (Rev. 2011). If the notice of appeal is not filed within twenty days, the Commission does not have jurisdiction to hear the matter. *See Marlboro Shirt Co. v. Whittington*, 195 So. 2d 920, 921 (Miss. 1967). The Commission will hear an appeal filed after the twenty-day time period only if there are "unique facts which would permit [the] petition to be considered constructively filed" within the twenty days. *Ford v. KLLM, Inc.*, 909 So. 2d 1194, 1196 (Miss. Ct. App. 2005). There, the Court of Appeals found that an appeal that was mailed on the last day it should have been filed, in the absence of any "unique facts which would permit [the] petition to be considered constructively filed," was untimely. *Id. Ford* cited *Williams v. Furniture Land*, 637 So. 2d 191 (Miss. 1994), in which this Court held that the Commission's faulty method of handling incoming mail permitted an out-of-time appeal to be considered constructively filed within the twenty-day period. In *Williams*, the Commission was receiving notices of appeal on the last day; but since it

4

checked its mail only once a day, before all the mail had come in for the day, notices that were received a day late were deemed by the Commission to have been constructively filed within the twenty-day time limit. *Williams*, 637 So. 2d at 191. This Court held that "a one day only allowance may be made to compensate for internal procedures so as not to penalize claimants for matters beyond their control." *Id.* For Felter's notice of appeal to be considered timely, we must determine whether there is a set of "unique facts" regarding her appeal which allows us to conclude that her petition was constructively filed within the deadline.

¶6.    Because the AJ's ruling was dated January 9, 2009, the last day Felter could file a notice of appeal with the Commission was twenty days later, on January 29. January 29 was the day that Clark mailed his motion to withdraw as counsel to Felter and the AJ. As of that date, no notice of appeal had been filed by Felter or Clark. Floorserv argues that, after January 29, 2009, the Commission was without jurisdiction to hear the appeal, and the AJ's ruling was final. The AJ received the motion to withdraw on February 2 and granted it on February 19. Seeing that Felter suddenly was without counsel and the time for her appeal had expired, the AJ extended Felter's deadline to prosecute her claim for thirty more days from the date of the order.

¶7.    Floorserv correctly states that, generally, the Commission is without jurisdiction to hear an appeal from an AJ if no appeal has been filed within twenty days of the AJ's decision. However, this Court has recognized that the deadline may be extended in light of "unique facts" that would permit the filing to be considered timely. *Williams*, 637 So. 2d at 191. *See also* **Ford**, 909 So. 2d at 1196. Further, the procedural rules of the Commission clearly state that case law is a proper basis for an expansion or waiver of the time period to

5

file an appeal. Miss. Admin. Code 20-2-1:2.14 (2011). Therefore, if warranted by the facts of the case, this Court is empowered to give an AJ or the Commission the authority to waive the time period for filing a notice of appeal.

¶8.     We find that the facts before us warrant such an exception. On the last day that Felter could have filed her notice of appeal, Clark mailed her a copy of his motion to withdraw as counsel. In granting Clark's motion to withdraw as counsel, the AJ clearly determined that fairness required an extension of time for Felter to prosecute her claim. We agree. We also find that it would be exceedingly unfair to a *pro se* litigant to be told by an AJ that she may prosecute her appeal within a certain time, for her to comply with the terms of the order, and then to have that order held for naught by the Commission. Erica Felter complied with the ruling of the AJ granting her thirty additional days to pursue an appeal. This case presents a set of unique facts under which the notice of appeal should be considered timely as contemplated by *Ford*, 909 So. 2d at 1196. The order should be given legal effect, and the Commission should hear Felter's appeal.

## CONCLUSION

¶9.     We hold that the case before us presents a set of unique facts which permits this Court to find that Erica Felter's notice of appeal was timely. When an attorney for a claimant moves to withdraw as counsel within the twenty-day time period to file a notice of appeal with the Commission, and the administrative judge grants the motion and further grants the claimant a reasonable extension of time to appeal her case, an appeal to the full Commission is timely when it is filed within that additional time period. Here, Clark mailed his motion to withdraw as counsel to Felter on January 29, 2009, the last day on which Felter could file

6

an appeal with the Commission. The administrative judge granted the motion to withdraw and granted Felter thirty additional days to prosecute her claim. Felter filed her appeal to the Commission within that thirty-day time period. Accordingly, we hold that Felter's appeal to the Commission was timely. We reverse the dismissal of her claim as untimely, reverse the decisions of the Adams County Circuit Court and the Court of Appeals, and remand the case to the Mississippi Workers' Compensation Commission for further proceedings consistent with this opinion.

¶10.   **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., PIERCE AND KING, JJ., CONCUR. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND CHANDLER, JJ.**

**COLEMAN, JUSTICE, DISSENTING:**

¶11.   The majority correctly notes that an applicant who is denied workers' compensation benefits by an administrative judge is required by statute to appeal the decision to the full Commission within twenty days.   Miss. Code Ann. § 71-3-47 (Rev. 2011).   An administrative judge may waive this time limitation only if such a waiver is sanctioned by statute or legal precedent.  Miss. Admin. Code 20-2-1:2.14 (2011) (". . . except that the time limits for requesting review of an administrative judge's decision or for perfecting an appeal to circuit court from a decision of the Commission may not be waived unless otherwise provided by statute or case law.").  In the instant case, the applicant did not file her petition for review within the allotted time prescribed by statute.  Thus, her only hope of sustaining her untimely appeal is to identify a precedent in the annals of our jurisprudence that would

7

permit the administrative judge to waive the requirement. I find that she cannot. Therefore, I respectfully dissent.

¶12. The majority cites only two cases for its support of the administrative judge's action. In the first, ***Ford v. KLLM, Inc.***, 909 So. 2d 920, 921 (Miss. 1967), this Court held that an applicant's mailing of a petition on the last day by which it was to be filed was not sufficient to meet the requirements of the statute and was thus untimely. Because the ***Ford*** Court held that the appeal was untimely when mailed on the day of the deadline, it is of no help to Felter here. The majority cites ***Ford*** because it cites ***Williams v. Furniture Land***, 637 So. 2d 191 (Miss. 1994), in which the Court held that "unique facts" could allow a petition to be deemed constructively filed. ***Id.*** at 191-192.

¶13. In ***Williams***, the claimant faced a deadline to appeal of December 10, 1991. ***Id.*** at 191. The Commission stamped the claimant's petition to appeal as received on December 11, 1991. ***Id.*** However, the Commission would check its mail every day prior to the time for delivery, so that, *e.g.*, mail actually received on a Wednesday would not be picked up until Thursday. In so doing, the Commission – unbeknownst to claimants – lengthened the time it took for petitions to reach it by one day. Nevertheless, the Commission granted the employer's and carrier's motion to dismiss the appeal as untimely, and the dismissal was affirmed by the circuit court. ***Id.*** The ***Williams*** Court reversed based on the fact that the Commission had twice before acknowledged that its mail-deadline procedure "resulted in a 'loss of one day which could not be anticipated by a party mailing in pleadings to be filed with the Commission,'" and the Commission therefore – in the two prior cases – considered petitions for appeal to be timely filed when they were marked received on the twenty-first

8

day. *Id.* at 191. Accordingly, the *Williams* Court held, "[T]he fiction that the petition was constructively received and filed at the Commission's post office box may be applied so long as this method of calculation of time is allowed for all claimants." *Id.* at 192.

¶14. In other words, the *Williams* Court did not create an expansion of the twenty-day deadline at all. Rather, it acknowledged that, due to the Commission's procedure for checking its mail before the daily time for delivery by the postal service, the Commission could deem materials stamped "received" the day after the deadline to be timely. In the instant case, even were we to deem that Felter's petition to appeal was constructively filed on the day she mailed it, it would be untimely. In order for the Commission to have jurisdiction to hear her appeal, Felter must obtain an extension of the deadline – not a finding that her petition to appeal was constructively filed.

¶15. In the case *sub judice*, Felter's petition was late due to her conduct – not any internal operating procedure of the Commission. Felter claims her failure to file is due to the inaction of her legal counsel. Even if we accept her allegation as true, neither case cited by the majority nor any case cited by Felter provides that attorney inaction may form the basis for an expansion of the twenty-day appeal period.

¶16. I believe the applicant filed an untimely petition, and no legal grounds exist to extend the twenty-day time period for an appeal. Therefore, I respectfully dissent.

**RANDOLPH, P.J., LAMAR AND CHANDLER, JJ., JOIN THIS OPINION.**