IRVING, P.J.,
for the Court:
¶ 1. On February 1, 2007, Erika L. Fel-ter filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission) alleging that she had sustained injuries to her neck, upper and lower back, head, right and left knees, left hip, and left arm and hand as a result of a car accident that occurred while she was working as a territory manager for FloorServ Inc. (FloorServ).[1] A hearing was held before an administrative judge (AJ), who found that Fetter had suffered a work-related injury on March 27, 2006, and had reached maximum medical improvement (MMI) from that injury on August 30, 2006. Additionally, the AJ found that Fetter’s medical treatment was reasonable and necessary through August 30, 2006. However, because she did not seek employment after her MMI date, the AJ determined that Fetter had failed to demonstrate a loss of wage-earning capacity and was not entitled to additional indemnity or medical benefits from FloorServ.
¶ 2. Fetter appealed the AJ’s decision to the full Commission, which dismissed her appeal as untimely. Fetter appealed the Commission’s decision to the Adams County Circuit Court. The circuit court affirmed the AJ’s denial of additional benefits and the Commission’s dismissal of Fetter’s appeal as untimely.
¶ 3. Feeling aggrieved, Fetter appeals and argues that: (1) the Commission erred in dismissing her appeal; (2) the AJ’s decision was not based on substantial evidence; and (3) she should have been able to present her case to a jury in circuit court.
¶ 4. Finding no error, we affirm.
FACTS
¶ 5. While working as a territory manager for FloorServ, Fetter sustained injuries in a car accident. Fetter testified that because of the pain that she has experienced since the car accident, she can no longer participate in normal activities without assistance from her husband. Fetter further testified that she had returned to work one week after the accident and had continued to work until the pain from her injuries prevented her from working.
¶6. On the day of the ear accident, Fetter presented to the Natchez Regional Medical Center’s emergency room.[2] She complained of pain “all over,” with specific complaints of neck and abdominal pain. Fetter underwent an abdominal and pelvic CT scan and x-rays of her chest, cervical spine, pelvis, left hip and knee, and lumbar spine. Fetter’s CT scans and and x-rays showed no abnormalities, and the medical center released Fetter to return home.
¶ 7. Following the accident, Fetter saw several other doctors. On April 2, 2006, Fetter presented to Dr. Ibrahim Seki at Riverpark After Hours Clinic, complaining of severe back pain. At this visit, Dr. Seki diagnosed Fetter with acute myofascial strain of the lumbar spine and possible degenerative-disc disease. Fetter returned to Dr. Seki for an MRI of the lumbar spine on April 8, 2006, which showed minimal changes at the L4-5 and L5-S1 areas. Dr. Seki ultimately diagnosed Fetter with low-back pain and possible degenerative-disc disease.
¶ 8. Dr. Seki referred Fetter to Dr. *434 Passman[3] at Passman-Haimson Orthopedic Sports and Rehab. Dr. Passman ordered a second lumbar MRI, which showed no abnormalities. Dr. Passman concluded that Felter’s “nerves might be the source of her problems.” He also indicated that he did not believe that Felter needed treatment from an orthopedist or a neurosurgeon but that she might benefit from treatment from a psychiatrist.
¶ 9. On her own accord, Felter presented to Dr. J.H. Fairbanks. Dr. Fairbanks diagnosed Felter with thoracic strain and possible sciatica. He also recommended that she attend physical therapy sessions and ordered an MRI of her thoracic spine. Ultimately, Dr. Fairbanks concluded that Felter was temporarily totally disabled. However, he noted that Felter’s MRI did not indicate the need for surgical intervention, and he determined that she had reached MMI on June 21, 2006. Dr. Fairbanks also referred Felter to Dr. Joseph Turnipseed, a pain-management specialist.
¶ 10. Dr. Turnipseed first saw Felter on May 81, 2006. She presented to him with complaints of mid-back pain, low-back pain, and left-leg pain with numbness. On June 27, 2006, Dr. Turnipseed released Felter to return to light-duty work. On September 12, 2006, Felter returned to Dr. Turnipseed’s office, complaining of neck pain. However, Dr. Turnipseed could not connect Felter’s neck pain to her on-the-job injury.
¶ 11. At FloorServ’s request, Dr. Anthony Iappolo, a neurosurgeon, examined Felter on August 30, 2006. Dr. Iappolo found that Felter’s MRI results did not support her complaints. During the examination, Dr. Iappolo discovered a spinal L4 protrusion but determined that it was not related to Felter’s back-pain complaints. He also did not find any herniated discs. Further, Dr. Iappolo determined that Fel-ter’s medical treatment up to August 30, 2006, had been reasonable and necessary. However, he saw no need for further treatment except possibly a nerve-conduction study to investigate Felter’s complaints of radiating pain on the left side of her body. Dr. Iappolo diagnosed Felter with chronic cervical and lumbar pain of unknown origin.
¶ 12. FloorServ also referred Felter to Dr. W. Lyn Stringer, a neurosurgeon, for evaluation. Dr. Stringer examined Felter on September 17, 2007. Based on Felter’s medical history, a review of past radiological films, and his examination of Felter, Dr. Stringer diagnosed her with post-traumatic cervical, thoracic, and lumbar-spine pain of uncertain origins. Dr. Stringer noted a degenerative-disc bulge at the T8-T9 area, which was present prior to the accident, and also noted degenerative changes in the lumbar spine during the year following the accident.
¶ 13. On January 1, 2009, the AJ ruled that Felter had reached MMI on August 30, 2006, and that she was not entitled to additional indemnity or medical benefits from FloorServ. The AJ also ruled that Felter had failed to prove that she suffered a loss of wage-earning capacity. On February 19, 2009, the AJ allowed Felter’s attorney to withdraw from the case and gave Felter thirty days “to obtain representation by another attorney or continue prosecution of [the] claim without legal representation.” Felter proceeded pro se and appealed the AJ’s order to the full Commission. The Commission dismissed Felter’s appeal as untimely.
¶ 14. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
*435 ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 15. Pro se litigants are “held to the same rules of procedure and substantive law as represented parties.” Buckel v. Chaney, 47 So.3d 148, 153 (¶ 10) (Miss.2010) (quoting Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987)). Additionally, “[i]t is the duty of the appellant to provide authority in support of an assignment of error.” Jones v. Howell, 827 So.2d 691, 702 (¶ 40) (Miss.2002) (citations omitted). Because Felter has failed to provide authority to support her contentions of error, the issues that she presents on appeal are procedurally barred. Id. Notwithstanding the procedural bar, Felter’s arguments lack merit.

1. Commission’s Decision

¶ 16. Felter argues that the Commission erred in dismissing her appeal as untimely. Specifically, Felter contends that because the AJ gave her thirty days from February 19, 2009, to either hire an attorney or proceed pro se, her appeal was timely because it was filed within those thirty days.
¶ 17. Mississippi Code Annotated section 71-3-47 (Rev.2011) states that an AJ’s decision to grant or deny a compensation award “shall be final unless[,] within twenty (20) days[,] a request or petition for review by the full [C]ommission is filed.” Compliance with section 71-3-47 is required for the Commission to have jurisdiction to hear the appeal. Roberson v. LFI Fort Pierce, Inc., 3 So.3d 788, 790 (¶ 6) (Miss.Ct.App.2008). If the claimant fails to file a petition for review within twenty days, the claimant must present a set of “ ‘unique facts that would permit [the] petition to be considered constructively filed’ within the twenty-day time period .... ” Id. at (¶ 7) (quoting Ford v. KLLM, Inc., 909 So.2d 1194, 1196 (¶5) (Miss.Ct.App.2005)).
¶ 18. Neither the Commission’s internal rules nor section 71-3-47 provide a method for calculating time. However, the Mississippi Supreme Court has considered a claimant’s appeal to be constructively filed within the time limit where the Commission’s internal procedures resulted in prejudice to the claimant. Williams v. Furniture Land, 637 So.2d 191, 192 (Miss.1994). In Williams, the AJ entered an amended order on November 20, 1991. Id. at 191. The Commission stamped the claimant’s petition for review as “received” on December 11, 1991. Id. The employer and carrier filed a motion to dismiss the petition as untimely, which the Commission granted. Id. The circuit court affirmed the Commission’s decision and dismissed the claimant’s appeal. Id. In reversing the circuit court’s judgment, the supreme court noted that the Commission’s procedure for collecting mail “resulted in a loss of one day which could not be anticipated by a party mailing in pleadings to be filed with the Commission.” Id. (internal quotations omitted). Thus, “a one day only allowance may be made to compensate for internal procedures so as not to penalize claimants for matters beyond their control.” Id. at 192. Accordingly, the supreme court held that the claimant’s petition was timely filed. Id.
¶ 19. Here, the AJ entered her order on January 9, 2009. According to section 71-3-47, Felter had twenty days from January 9, 2009, to appeal the AJ’s decision to the Commission. Therefore, Fel-ter’s deadline to file her appeal was January 29, 2009. Felter filed her appeal on March 4, 2009 — thirty-four days after the statutory deadline. Felter does not contend that her petition should be considered constructively filed based on some prejudice suffered as a result of the *436 Commission’s internal procedures. Accordingly, the Commission did not err in dismissing Felter’s appeal as untimely. This issue is without merit.

2. AJ’s Decision

¶ 20. Felter asserts that the AJ erred by concluding that she had reached MMI, that she had failed to demonstrate a loss of wage-earning capacity, and that she was not entitled to additional indemnity or medical benefits from FloorServ. An appellate court’s “review of a decision of the ... Commission is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency ..., or violated [the claimant’s] constitutional or statutory rights.” Gregg v. Natchez Trace Elec. Power Ass’n, 64 So.3d 473, 475 (¶ 8) (Miss.2011) (citing Short v. Wilson Meat House, LLC, 36 So.3d 1247, 1250 (¶ 17) (Miss.2010)). As the Commission is the ultimate fact-finder and judge of witness credibility in workers’ compensation cases, an appellate court may not reweigh the evidence that was presented to the Commission. Id.
¶ 21. Felter insists that she has yet to reach MMI. However, the AJ ruled that Felter had reached MMI on August 30, 2006. The AJ’s conclusion was based on her review of the testimony of the physicians who examined Felter. Dr. Fairbanks opined to a reasonable degree of medical probability and certainty that Fel-ter reached MMI on June 21, 2006, and that she suffered no permanent impairment. Dr. Iappolo placed Felter at MMI on August 30, 2006, and noted that there was no need for further treatment. While Felter’s doctors had differing opinions regarding when Felter reached MMI, there is no evidence that Felter has yet to reach MMI as she contends. Thus, we cannot say that the AJ erred in resolving the MMI dispute in favor of the later date.
¶22. There is also no evidence that Felter’s continuing back pain is connected to her work-related injury. Dr. Turnip-seed could not relate Felter’s pain to her work-related injury within a reasonable degree of medical probability and certainty. The other physicians did not offer an opinion regarding a connection between Felter’s on-the-job accident and her alleged back pain. Therefore, the AJ did not err in finding that Felter was not entitled to additional medical benefits.
¶ 23. Felter also presented no evidence to demonstrate a loss of wage-earning capacity. In fact, she admitted during the hearing before the AJ that she had not looked for alternative employment since leaving her position at FloorServ. Based on these facts, we hold that the AJ’s decision is supported by substantial evidence. This issue is without merit.

3. Jury Trial

¶ 24. Felter contends that she should have been granted a jury trial when she appealed her case to the circuit court. Our supreme court has long held that jury trials are not required in standard workers’ compensation cases. See Walters v. Blackledge, 220 Miss. 485, 511, 71 So.2d 433, 442 (1954) (explaining that “[a]s between employee and employer, the [Workers’ Compensation] [A]ct abolishes all right of recovery in ordinary cases ... and[,] therefore[,] leaves nothing to be tried by [a] jury”). Consequently, this issue is without merit.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF ADAMS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*437 LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. BARNES AND ROBERTS, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. FloorServ Inc. is listed in both the appellant’s and appellees’ briefs as FloorServ Inc. Flowever, we will follow the spelling found in the Clerk’s papers.

. The record does not contain any of Felter’s medical records. Our explanation of Felter's doctors' diagnoses comes from the summation of medical records found within the AJ's order.

. Dr. Passman's first name is not found in the record.