COLEMAN, Justice,
dissenting:
¶ 11. The majority correctly notes that an applicant who is denied workers’ compensation benefits by an administrative judge is required by statute to appeal the decision to the full Commission within twenty days. Miss.Code Ann. § 71-3-47 (Rev.2011). An administrative judge may waive this time limitation only if such a waiver is sanctioned by statute or legal precedent. Miss. Admin. Code 20-2-1:2.14 (2011) (“... except that the time limits for requesting review of an administrative judge’s decision or for perfecting an appeal to circuit court from a decision of the Commission may not be waived unless otherwise provided by statute or case law.”). In the instant case, the applicant did not file her petition for review within the allotted time prescribed by statute. Thus, her only hope of sustaining her untimely appeal is to identify a precedent in the annals of our jurisprudence that would permit the administrative judge to waive the requirement. I find that she cannot. Therefore, I respectfully dissent.
¶ 12. The majority cites only two cases for its support of the administrative judge’s action. In the first, Ford v. KLLM, Inc., 909 So.2d 1194, 1196 (Miss.Ct.App.2005), this Court held that an applicant’s mailing of a petition on the last day by which it was to be filed was not sufficient to meet the requirements of the statute and was thus untimely. Because the Ford Court held that the appeal was untimely when mailed on the day of the deadline, it is of no help to Felter here. The majority cites Ford because it cites Williams v. Furniture Land, 637 So.2d 191 (Miss.1994), in which the Court held that “unique facts” could allow a petition to be deemed constructively filed. Id. at 191-192.
¶ 13. In Williams, the claimant faced a deadline to appeal of December 10, 1991. Id. at 191. The Commission stamped the claimant’s petition to appeal as received on December 11, 1991. Id. However, the Commission would check its mail every day prior to the time for delivery, so that, e.g., mail actually received on a Wednesday would not be picked up until Thursday. In so doing, the Commission — unbeknownst to claimants — lengthened the time it took for petitions to reach it by one day. Nevertheless, the Commission granted the employer’s and carrier’s motion to dismiss the appeal as untimely, and the dismissal was affirmed by the circuit court. Id. The Williams Court reversed based on the fact that the Commission had twice before acknowledged that its mail-deadline procedure “resulted in a ‘loss of one day which could not be anticipated by a party mailing in pleadings to be filed with the Commission,’ ” and the Commission therefore-in the two prior cases-considered petitions for appeal to be timely filed when they were marked received on the twenty-first day. Id. at 191. Accordingly, the Williams Court held, “[T]he fiction that the petition was constructively received and filed at the Commission’s post office box may be applied so long as this method of calculation of time is allowed for all claimants.” Id. at 192.
¶ 14. In other words, the Williams Court did not create an expansion of the twenty-day deadline at all. Rather, it acknowledged that, due to the Commission’s procedure for checking its mail before the daily time for delivery by the postal service, the Commission could deem materials stamped “received” the day after the deadline to be timely. In the instant case, even were we to deem that Felter’s petition to appeal was constructively filed on the day *431 she mailed it, it would be untimely. In order for the Commission to have jurisdiction to hear her appeal, Fetter must obtain an extension of the deadline-not a finding that her petition to appeal was constructively filed.
¶ 15. In the case sub judice, Fetter’s petition was late due to her conduct-not any internal operating procedure of the Commission. Fetter claims her failure to file is due to the inaction of her legal counsel. Even if we accept her allegation as true, neither case cited by the majority nor any case cited by Fetter provides that attorney inaction may form the basis for an expansion of the twenty-day appeal period.
¶ 16. I believe the applicant filed an untimely petition, and no legal grounds exist to extend the twenty-day time period for an appeal. Therefore, I respectfully dissent.
RANDOLPH, P.J., LAMAR AND CHANDLER, JJ., JOIN THIS OPINION.