# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-WC-01624-COA

**EMMANUEL RIDGE COMMUNITY SERVICES INC. D/B/A EMMANUEL RIDGE HOME CARE**                 APPELLANT

**v.**

**NEDRA LOGGINS**                 APPELLEE

DATE OF JUDGMENT:                 10/31/2017
TRIBUNAL FROM WHICH APPEALED:                 MISSISSIPPI WORKERS' COMPENSATION COMMISSION
ATTORNEY FOR APPELLANT:                 EMMANUEL RIDGE COMMUNITY SERVICES INC. (PRO SE)
ATTORNEY FOR APPELLEE:                 MATTHEW IVAN HETZEL
NATURE OF THE CASE:                 CIVIL - WORKERS' COMPENSATION
DISPOSITION:                 AFFIRMED - 10/09/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., GREENLEE AND TINDELL, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    After a work accident, Nedra Loggins filed a petition to controvert with the Mississippi Workers' Compensation Commission (the Commission). The administrative judge (AJ) awarded benefits, and Emmanuel Ridge Community Services Inc. (Emmanuel Ridge) appealed. But the Commission dismissed the appeal as untimely. We affirm the Commission's dismissal.

## FACTS AND PROCEEDINGS BELOW

¶2.    Loggins—an employee of Emmanuel Ridge—allegedly injured herself while assisting a fallen patient. She quickly notified her supervisor and sought treatment. Later, she filed a

petition to controvert with the Commission.

¶3.     After several hearings, the AJ awarded benefits to Loggins on September 19, 2017. Twenty-one days later, on October 10, 2017, Emmanuel Ridge filed a petition for review with the Commission. The Commission dismissed her petition as untimely, though mistakenly referred to the petition as having been filed on October 11. Emmanuel Ridge filed a motion to reconsider and the Commission once again dismissed the untimely petition, but this time corrected the filing date to October 10. It still determined that Emmanuel Ridge filed the petition outside of the twenty-day limit, thereby barring jurisdiction.

¶4.     Emmanuel Ridge appeals from this order.

## STANDARD OF REVIEW

¶5.     The Commission's findings of fact are entitled to substantial deference. *Raytheon Aerospace Support Servs. v. Miller*, 861 So. 2d 330, 335 (¶11) (Miss. 2003) (citing *Vance v. Twin River Homes Inc.* 641 So. 2d 1176, 1180 (Miss. 1994)). Our determination, therefore, is based on whether the Commission's finding was supported by substantial evidence, was arbitrary or capricious, or was based on erroneous application of facts. *Logan v. Klaussner Furniture Corp.*, 238 So. 3d 1134, 1138 (¶11) (Miss. 2018). "The findings of the Commission should be reversed 'only in rather extraordinary cases.'" *Id.* (citing *Miller*, 861 So. 2d at 335 (¶11)).

## DISCUSSION

**Did the Commission properly dismiss Emmanuel Ridge's appeal as untimely?**

¶6.     We note that Emmanuel Ridge does not address the issue of timeliness in its appeal.

Furthermore, we note that Emmanuel Ridge does not cite any authority in support of that appeal to this Court. "Failure to cite any authority is a procedural bar, and this Court is under no obligation to consider the assignment." *United Plumbing & Heating Co. v. Mosley*, 835 So. 2d 88, 92 (¶9) (Miss. Ct. App. 2002). Notwithstanding this procedural bar, Emmanuel Ridge still cannot prevail on appeal because it untimely filed its petition for review, thus barring the Commission from exercising jurisdiction.

¶7. Mississippi Code Annotated section 71-3-47 (Rev. 2011) notes that a "decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed." And the twenty-day time limit is not merely procedural. *Roberson v. LFI Fort Pierce Inc.*, 3 So. 3d 788, 790 (¶6) (Miss. Ct. App. 2008). "If the notice of appeal is not filed within twenty days, the Commission does not have jurisdiction to hear the matter." *Felter v. Floorserv Inc.*, 140 So. 3d 426, 428 (¶5) (Miss. 2013). But the Commission will hear an appeal filed outside of the twenty-day requirement only if "unique facts which would permit [the] petition to be considered constructively filed." *Ford v. KLLM Inc.*, 909 So. 2d 1194, 1196 (¶5) (Miss. Ct. App. 2005).

¶8. The record is clear: The AJ awarded benefits to Loggins on September 19, 2017. In determining the twenty-day window, we exclude the date of the order and include the last day. *Marlboro Shirt Co. (Reliance Mfg. Co.) v. Whittington*, 195 So. 2d 920, 921 (Miss. 1967). Accordingly, Emmanuel Ridge should have filed its appeal by October 9, 2017. Instead, it filed on October 10, 2017. And although Emmanuel Ridge asserted in its motion to reconsider that October 9 was a holiday, it was not a legal holiday, and the Commission's

3

offices were open and operating. Here, there are no "unique facts which would permit [the] petition to be considered constructively filed." *Ford*, 909 So. 2d at 1196 (¶5). Therefore, we find the Commission's dismissal of Emmanuel Ridge's appeal as untimely proper. Thus, we affirm the Commission's order.

¶9.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR.**