# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-WC-00236-COA

**KATHRYN DILDY**                                                        **APPELLANT**

**v.**

**McPETERS INC. FUNERAL DIRECTORS AND**                **APPELLEES**
**OLD REPUBLIC INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/2019 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | GREG E. BEARD |
| ATTORNEY FOR APPELLEES: | LORALEIGH CHRISTINE PHILLIPS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 05/05/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**C. WILSON, J., FOR THE COURT:**

¶1.     This appeal centers on the twenty-day time limit within which a party must petition for review of a Mississippi Workers' Compensation Commission (MWCC) Administrative Judge's decision.  Kathryn Dildy contends that she should be allowed to file her petition for review before the full commission (Commission) out of time.  We disagree and affirm the Commission's order dismissing her petition for review.

¶2.     On November 29, 2018, an MWCC Administrative Judge issued a final order on Dildy's workers' compensation claim.  The final order was filed five days later, on December 4, 2018, but it was apparently not mailed to the parties at the time.  Nonetheless, on December 11, 2018, the attorney for McPeters Inc. Funeral Directors and Old Republic

Insurance Company (referenced collectively as "Employer") found the final order while searching the MWCC website. That same day, the Employer's attorney informed Dildy's attorney that the final order had been issued. Aside from both parties becoming aware of the final order on December 11, 2018, the Employer's attorney also received the order in the mail on December 13, 2018, and Dildy's attorney received the order on December 20, 2018. However, Dildy did not file her petition for review with the Commission until December 28, 2018. The Commission dismissed Dildy's petition as untimely. Dildy now appeals, contending that she should be allowed to file her petition for review out of time "due to the delay of the Commission [in] providing a copy of the [final order]."

¶3.     Pursuant to Mississippi Code Annotated section 71-3-47 (Rev. 2011) and MWCC Procedural Rule 2.10, an Administrative Judge's decision "shall be final unless within twenty (20) days a request or petition for review by the full commission is filed." Miss. Code Ann. § 71-3-47; *accord* Miss. Admin. Code 20-2-1:2.10 (2018); *Hardy v. Xanitos Inc.*, No. 2019-SC-00016-COA, 2019 WL 5703887, at *2 (¶6) (Miss. Ct. App. Nov. 5, 2019). When a petition for review "is not filed within twenty days, the Commission does not have jurisdiction to hear the matter." *Felter v. Floorserv Inc.*, 140 So. 3d 426, 428 (¶5) (Miss. 2013). Only when "there are 'unique facts which would permit the petition to be considered constructively filed' within the twenty days" will the Commission hear an appeal filed outside the twenty-day period. *Id.* (quoting *Ford v. KLLM Inc.*, 909 So. 2d 1194, 1196 (¶5) (Miss. Ct. App. 2005)); *see also Hardy*, 2019 WL 5703887 at *2-3 (¶¶10-12) (discussing excusable-neglect standard for failing to file timely petition for review).

¶4.     A rare example of this "constructive filing" was present in *Williams v. Furniture Land*, 637 So. 2d 191 (Miss. 1994). "In *Williams*, the Commission was receiving notices of appeal on the last day; but since it checked its mail only once a day, before all the mail had come in for the day, notices that were received a day late were deemed by the Commission to have been constructively filed within the twenty-day time limit." *Felter*, 140 So. 3d at 428 (¶5) (citing *Williams*, 637 So. 2d at 191). The Supreme Court thus found "that 'a one day only allowance may be made to compensate for internal procedures so as not to penalize claimants for matters beyond their control.'" *Id*. (quoting *Williams*, 637 So. 2d at 191).

¶5.     Here, the Administrative Judge's final order was filed on December 4, 2018. "In determining the twenty-day window, we exclude the date of the order and include the last day." *Emmanuel Ridge Cmty. Servs. Inc. v. Loggins*, 270 So. 3d 1073, 1075 (¶8) (Miss. Ct. App. 2018). Typically, the twenty-day deadline for filing a petition for review would therefore have been December 24, 2018. However, State offices were authorized to be closed December 24 and December 25, and because the Commission's offices were in fact closed, Dildy's petition-for-review deadline was December 26, 2018.[1] Dildy did not file her petition for review until December 28, 2018.

¶6.     Dildy contends that because her attorney did not receive the final order from the Commission until December 20, 2018, and because her attorney's office was closed on

---

[1] Pursuant to Mississippi Code Annotated section 3-3-7(1) (Rev. 2011), December 25 (Christmas Day) is a legal holiday. Although December 24 (Christmas Eve) is not delineated a state holiday by statute, Governor Phil Bryant issued a proclamation authorizing executive officers of State agencies to close their respective offices on December 24, 2018, in further observance of Christmas.

December 26, 2018, she has presented unique facts that justify additional time to file her petition for review. We disagree. Dildy admits that the Employer's attorney notified her attorney of the final order on December 11, 2018. Even if this were not true, Dildy's attorney also received the final order on December 20, 2018. Regardless, Dildy received the final order with sufficient time to file her petition for review by the December 26, 2018 deadline. Therefore, we find that the Commission's dismissal of Dildy's petition for review was proper, and we affirm the Commission's order.

¶7. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE AND TINDELL, JJ., CONCUR. McDONALD, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS, LAWRENCE AND McCARTY, JJ.**

**McDONALD, J., DISSENTING**

¶8. I respectfully dissent from the majority's affirmance of the Mississippi Worker's Compensation Commission's dismissal of Dildy's petition for review of the Administrative Judge's decision as untimely.

¶9. It is uncontested by the parties that the Administrative Judge entered the order on November 29, 2018, and that the order was filed electronically on December 4, 2018. The Commission found that the parties by their own admission did not become aware of the existence of the order until December 11, 2018, which was within the twenty days allotted for appeal. Despite this, the Commission then held the claimant to a twenty-day deadline calculated from December 4, not December 11. What troubles me is that the Commission fails to acknowledge that the Commission itself arbitrarily shortened the time period for

4

filing the petition when the parties only found out about the order on December 11, 2018, with only nine days remaining to file the petition. This cuts in half the time available to the claimant's counsel to confer with his client, research the issues, and prepare the petition. Further, the Commission fails to acknowledge that the decision was not electronically transmitted to the parties, but it was rather mailed and not received by the claimant's counsel until December 20, 2018.

¶10. The Appellees' counsel concedes that "this undersigned attorney for the Employer/carrier only found the Final Order of the Administrative Judge by happenstance, while searching for other orders issued by the Mississippi Worker's Compensation Commission on its website, on December 11, 2018." Notice by happenstance is not good enough. Arbitrarily shortening the time period for an appeal because of the Commission's electronic posting of an order but failing to electronically distribute that order to all the parties is unfair. The MWCC's Procedural Rules 2.2, 2.3, 2.5, and 2.6 allow notice to all parties by electronic mail and further require all parties to maintain current contact information and the electronic filing of documents online. So the Commission has the capability of emailing orders the day they are electronically filed, but it did not use that capability in this case.

¶11. In the present case, apparently no party was individually notified of the filing of the Administrative Judge's order as is done in all other electronic-filing venues, including most chancery and circuit courts in Mississippi, State appellate courts, and all federal courts. More importantly, the Mississippi Workers' Compensation Commission has not consistently

mandated the electronic filing of documents. For example, Procedural Rule 2.2 of the Mississippi Worker's Compensation Commission states that an employee *may* file a Petition to Controvert electronically. (Emphasis added). But an employer or carrier "*shall mail or personally deliver*" a Notice of Controversion. *Id*. (Emphasis added). Additionally, there is no clear mandate that electronic filing is the trigger date for the start of the twenty-day appeal period under Mississippi Code Annotated section 71-3-47 (Rev. 2011).

¶12. I believe that *Williams v. Furniture Land*, 637 So. 2d 191 (Miss. 1994), is the most analogous case to the one at hand. In *Williams*, the claimant was one day late filing her petition for review of the Administrative Judge's decision. *Id.* at 191. The Administrative Judge's amended order was filed on November 20, 1991. *Id*. The claimant's petition for review was filed on December 11, 1991. *Id.* The employer/carrier filed a motion to dismiss the petition as untimely, which the Commission granted and the circuit court affirmed. *Id.* On appeal, the Mississippi Supreme Court reversed, holding that the filing was timely and finding that "neither the Commission rule nor the statute specifies a method for calculating the twenty day time period." *Id*. at 191-92.

¶13. In this case, there is no dispute that neither party knew about the order when it was filed. I do believe that given the intervening holidays the options for determining the deadline for filing the appeal are counting the twenty days from either December 11, 2018, (the date of happenstance notice) or December 20, 2018, (the date of official notification from the Commission of the order). Twenty days from December 11, 2018, is December 31, 2018; twenty days from December 20, 2018, is January 9, 2019. Either way, Dildy's filing

on December 28, 2018, was within the twenty days given to her by statute to file her appeal.

In my opinion, the filing was timely.

**WESTBROOKS, LAWRENCE AND McCARTY, JJ., JOIN THIS OPINION.**