986 So.2d 354 (2008)
Cynthia J. HILLS, Appellant,
v.
Paul Henry HILLS, Appellee.
No. 2006-CP-01989-COA.
Court of Appeals of Mississippi.
June 24, 2008.
Cynthia J. Hills, Appellant, pro se.
Paul Henry Hills, Appellee, pro se.
EN BANC.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Cynthia and Paul Hills were married in 1986 and had a child, Daniel, born on August 13, 1987. The parties separated in 1994 and were granted an irreconcilable differences divorce by the Lamar County Chancery Court on August 16, 1994. Cynthia was awarded custody of Daniel, and Paul was ordered to pay $200 per month in child support. In September 2003, Cynthia filed a motion to modify the child support. The chancellor entered an order modifying the child support from $200 per month to $300 per month.
*355 ¶ 2. On May 24, 2006, Paul filed a motion to terminate child support payments because Daniel was emancipated. After a hearing on the matter, the chancellor determined that Daniel was not emancipated, but the chancellor found that Daniel was not in school and was working full time. The chancellor ordered Paul's child support payments to be abated. Cynthia now appeals, asserting that the chancellor erred in abating Paul's child support payments. We note that the chancellor allowed Cynthia to appeal in forma pauperis.

STANDARD OF REVIEW
¶ 3. Our standard of review in domestic matters is limited. A chancellor's decision, when supported by substantial evidence, will not be reversed on appeal unless the chancellor "abused his discretion, was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Kilpatrick v. Kilpatrick, 732 So.2d 876, 880(¶ 13) (Miss.1999) (citing Herring Gas Co. v. Whiddon, 616 So.2d 892, 894 (Miss. 1993)). Further, chancellors are given broad discretion in the area of modification of child support. Morris v. Stacy, 641 So.2d 1194, 1196 (Miss.1994).

DISCUSSION
¶ 4. In her only issue on appeal, Cynthia argues that the chancellor erred in abating Paul's child support payments. Cynthia contends that Daniel was not emancipated; thus, the child support payments should continue. We note that Cynthia filed a pro se brief in which she failed to cite to any legal authority to support her position. The law is well established in Mississippi that this Court is not required to address any issue that is not supported by relevant authority. Bell v. State, 879 So.2d 423, 434(¶ 28) (Miss.2004).
¶ 5. Notwithstanding the procedural bar, Cynthia's argument is without merit. The chancellor found that Daniel had not been in school for some time; he had been working since leaving school; and he was not living with his mother at the time of trial. However, the chancellor was "unwilling to go to that extent and rule or determine that Daniel is emancipated." The chancellor went on to find that, although he ordered the child support payments to be abated, "[a]ll of the parties will be allowed ... to come back to court in the event there are changes in [Daniel's school and living situation]." Under the circumstances, we cannot find that the chancellor erred in abating the child support payments. This issue is without merit.
¶ 6. THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS AND ISHEE, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES AND ROBERTS, JJ.
CARLTON, J., Dissenting.
¶ 7. I disagree with the majority's decision to affirm the chancellor's order abating child support. I find that the chancellor's decision is not supported by substantial evidence and that an erroneous legal standard was applied. Additionally, I find plain error, in that, Paul was not required to pay child support payments that became due during the pendency of the action. Therefore, I respectfully dissent.

1. The chancellor's decision was not supported by substantial evidence, and an erroneous legal standard was applied.
¶ 8. The "[d]uty to support children is upon both parents and it is a continuing *356 duty, both legal and moral in nature, and a vested right of the child growing out of the marriage relation." Alexander v. Alexander, 494 So.2d 365, 368 (Miss.1986) (citing Simpson v. Rast, 258 So.2d 233, 236 (Miss. 1972)). Under Mississippi law, "a parent is relieved of the legal duty to support their child once the child is emancipated, by attaining the age of majority [21] or otherwise." Dep't of Human Servs. v. Fillingane, 761 So.2d 869, 871(8) (Miss.2000) (citing Nichols v. Tedder, 547 So.2d 766, 770 (Miss.1989)).
¶ 9. At the hearing, Daniel testified that he had held several different jobs after discontinuing his studies at Oak Grove High School.[1] Of these, only one could be considered full-time employment; however, Daniel worked at this job for only one month. The jobs that Daniel held thereafter were considered by the chancellor to be part time, or insufficient to support a finding that Daniel was employed full time. At the time of the hearing, Daniel was seeking full-time employment at a lumberyard; however, he had not yet been hired. Additionally, Daniel stated that he was presently residing at Cynthia's house, and he had never moved out of Cynthia's house.[2]
¶ 10. When asked about his plans, Daniel testified that he intended to move out on his own in the near future. He also expressed a desire to get his G.E.D. and continue his education to become a forester or a game warden. Paul testified that he would gladly agree to pay child support in the event that Daniel returned to school, whether it be high school, a G.E.D. program, or further education, as Daniel desired.
¶ 11. The chancellor's rationale was summarized in his bench ruling, wherein he stated:
It is clear that Daniel at this time is not enrolled in school and it would be unfair to require Mr. Hills to pay child support. Not only would it be unfair to the parties, but it wouldn't be good public policy. This is what I believe our legislature and our courts have in mind, that once a child reaches the age of 18 and there are no known unusual circumstances to require a noncustodial parent to continue paying child support, then child support is not necessary if the child is not attending some school. Of course everyone, including this Court, would love to see Daniel get his high school diploma or get his GED and perhaps he can realize [his aspirations of becoming a forester or game warden].
The Court is not certain based on the evidence that Daniel has been emancipated. That is the problem the Court has, and the Court is unwilling to go to that extent and rule or determine that Daniel is emancipated; however, the Court does find that child support should be abated and suspended as of May of 2006. In other words, the May payment would have to be paid.
All of the parties will be allowed under the law to come back to court in the event there are changes in the facts relating to emancipation or the attendance of school....
¶ 12. I agree with the chancellor's finding that Daniel was not emancipated. However, I find no basis to support his *357 decision to abate child support, which is inconsistent with his finding that Daniel was not emancipated. From his bench ruling, it is clear that the chancellor's decision was based solely on the fact that Daniel was not attending school. In my view, the chancellor applied an incorrect legal standard in reaching his decision to abate the child support. The chancellor cited no authority supporting the proposition that child support is unnecessary for an eighteen-year-old child who is not enrolled in school.[3] Further, there was no evidence presented that Paul was unable to meet his obligations or that Daniel made enough money to fully support himself. In fact, Daniel testified that his mother supported him financially, although the specifics of this statement were not developed. However, the record does reveal that Daniel's mother had to turn to the State for assistance in the form of Medicaid to help pay for Daniel's medical bills, which the parents were ordered to pay equally.
¶ 13. In Edmonds v. Edmonds, 935 So.2d 980, 985-86 (¶¶ 12-16) (Miss.2006), the Mississippi Supreme Court affirmed a chancellor's finding that a minor child serving a term of life imprisonment for murder was not emancipated because he still received support from his mother through her deposit of $140 a month in the child's "canteen account" at the correctional facility. In holding that the child was still entitled to support from his father, the court stated:
[T]here is sufficient evidence in the record for the chancellor to conclude that [the child] is still receiving support from his mother (despite his incarceration), such that the chancellor's ruling that [the child] was not emancipated (and thus still entitled to support payments from [his father]) is not an abuse of discretion.... [The child] has a vested right to the support of his parents. He is unable to provide for his own support, which is one of the strongest considerations in determining that a minor is emancipated, even though most of his needs are met by MDOC. [The father] should not, therefore, be allowed to completely avoid the support obligation to which [the child] is entitled....
Id. at 986(¶ 16).
¶ 14. In the instant case, Daniel had not reached the age of twenty-one, and the chancellor expressly determined that Daniel was not otherwise emancipated. Therefore, Daniel was still entitled to receive his child support payments, and Paul was not relieved of his obligation to pay child support.[4] Accordingly, I find that the chancellor abused his discretion in abating Paul's child support obligations.

2. The chancellor erred in relieving Paul of child support payments that became due during the pendency of the action.
¶ 15. The chancellor ruled that child support would be abated as of the date that Paul filed his petition to terminate child support, i.e., May 24, 2006. However, the hearing was not held until October 3, 2006, and the order was not entered until October 9, 2006. I find that the *358 chancellor committed plain error in failing to require Paul to pay child support payments that accrued while his petition was pending.
¶ 16. "[O]nce child support payments become past due they become vested and cannot be modified." Thurman v. Thurman, 559 So.2d 1014, 1016 (Miss.1990) (citing Brand v. Brand, 482 So.2d 236, 237 (Miss.1986)). Where a modification increases the amount of child support, the chancellor may, in his or her discretion, order the modification retroactive to the date of filing. Lawrence v. Lawrence, 574 So.2d 1376, 1384 (Miss.1991). However, a downward modification of child support may not be ordered retroactive to the date of filing. See, e.g., Setser v. Piazza, 644 So.2d 1211, 1215-16 (Miss.1994); Cumberland v. Cumberland, 564 So.2d 839, 847 n. 5 (Miss.1990). Therefore, I find that the chancellor further abused his discretion in ordering the abatement of child support retroactive to the date Paul filed his petition to terminate the child support.
¶ 17. For the following reasons, I would reverse the judgment entered by the chancellor and remand this case with directions that (1) Paul's petition for termination of child support be denied and (2) Paul be ordered to pay his child support obligations from May 24, 2006, to October 9, 2006.
BARNES AND ROBERTS, JJ., JOIN THIS OPINION.
NOTES
[1] Daniel suffered a collapsed lung during his senior year of high school. As a result, he was absent from school for a large number of days, and the school refused to give him credit for several classes that he needed for graduation.
[2] With all due respect to the majority's statement of the facts, I find no indication in the record that the chancellor found that Daniel was not living his mother at the time of trial.
[3] While case law clearly supports the proposition that child support obligations cease once a child is emancipated, the chancellor clearly determined that Daniel was not emancipated.
[4] I note that Paul only argued that child support should be terminated. In neither his petition nor at the hearing did he seek the alternative relief of a downward modification. Thus, while a downward modification may be warranted, this issue was not raised. Consequently, I will not address this issue. See Setser v. Piazza, 644 So.2d 1211, 1217 (Miss. 1994) (citing Crow v. Crow, 622 So.2d 1226, 1230 (Miss.1993)).