RANDOLPH, Justice,
for the Court:
¶ 1. The Mississippi Bar filed a formal complaint recommending disciplinary action against an attorney, Robert E. Clark, following the imposition by the Supreme Court of Louisiana of a two-year suspension from the practice of law in that state. See In re Clark, 25 So.3d 728, 735 (La.2009). Clark lives in Vidalia, Louisiana, a city across the river from Natchez, Mississippi. The formal complaint states that Clark was a member of the Mississippi Bar during the time of the conduct that led to the suspension. The complaint does not reference reciprocal discipline, nor recommend any particular punishment, but prays that Clark should pay the costs and expenses of this action. We order reciprocal discipline, consisting of a two-year suspension from the practice of law in Mississippi and an assessment against Clark for all costs and expenses.

FACTS AND PROCEDURAL HISTORY

¶ 2. Clark, who was admitted to practice in Mississippi in 1974 and in Louisiana in 1983, admitted that he began using marijuana in 1994, but that it was “personal and limited to weekend use for medicinal purposes only” to relieve his glaucoma *2 symptoms.[1]
¶ 3. In January 2007, Dennis Roberts, a long-time friend and client of Clark, was arrested in Natchez for possession of cocaine. Clark, 25 So.3d at 729. Roberts agreed to attempt to obtain marijuana from his source, Clark. Roberts telephoned Clark, telling him that he needed some marijuana to “get a girl high and have sex.” Id. at 729, 731 n. 6. Clark admitted later that he had smoked marijuana on the night Roberts called. Id. at 732. Police officers followed Roberts to Clark’s house, where Clark gave Roberts a “small bag of marijuana. No money exchanged hands.” Id. at 729. Clark admitted later that he had known “it was wrong,” but that he did it because “Roberts was his best friend,” and that he did not need to be persuaded “to help his friend obtain possibly non-consensual sexual favors.” Id. at 731 n. 6.
¶ 4. Clark’s home was searched, and the following was found: more than seven “ounces of marijuana packaged in various amounts and stored in Ziploc bags[; a] variety of drug paraphernalia, some with residual amounts of cocaine and marijuana[;] a bottle containing ... Xanax[;] and a small amount of ... cocaine.” Id. at 730. Clark was arrested and tested positive for marijuana. Id. He was charged with possession of marijuana, cocaine, and drug paraphernalia; intent to distribute marijuana; and distribution of marijuana. Id. The prosecutor declined to prosecute after a judge excluded the evidence from the search. Id.
¶ 5. In March 2007, Clark reported his arrest to the Louisiana Office of Disciplinary Counsel (“ODC”). The ODC recommended an interim suspension, which was ordered in June 2007, and remained in force until January 2008. Id. Clark entered into a five-year contract with Louisiana’s Lawyer Assistance Program (“LAP”). Clark was charged with violating Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct (violating the rules by committing “a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects”). La. Rules of Prof 1 Conduct R. 8.4.
¶6. At a hearing, Clark argued that he had been entrapped and that the evidence from the search should not be admitted. The hearing committee ruled against both arguments, as suppression of evidence and entrapment have a limited place in disciplinary matters, and, because of his own admissions, Clark had not been prejudiced by the admission of the evidence. Clark, 25 So.3d at 731.
¶ 7. After review and recommendation by the committee, the disciplinary board “determined that [Clark had] intentionally violated duties owed to the public and the legal profession [and had] caused actual harm to the profession.” Id. at 733. The board found the following aggravating factors:
a pattern of misconduct (use of marijuana from 1994 to 2007), multiple offenses, substantial experience in the practice of law ... illegal conduct [, Clark’s] rationale for providing marijuana [and] the following mitigating factors: absence of a prior disciplinary record, full and free disclosure to the disciplinary board, and character and reputation.
Id. at 733. The board recommended that Clark be suspended for two years with credit for the time served on interim suspension and that Clark continue to comply *3 with the LAP contract until its previously scheduled end in August 2012. . Id.
¶ 8. The Louisiana Supreme Court found the board’s recommendation to be appropriate. Id. at 734-35. One justice dissented to the severity of the discipline, citing Clark’s illness, exemplary LAP compliance, and the lack of any prior violations. Id. at 735-36 (Weimer, J., concurring in part and dissenting in part).
¶ 9. In his answer to this Court, Clark admits all the allegations, except his unfitness to practice law, citing his LAP contract record. He asks this Court to dismiss the complaint, or to follow the dissenting opinion and order a lesser sanction. See id.
¶ 10. The Rules of Discipline for the Mississippi State Bar state:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
Miss. State Bar Discipline R. 13.
¶ 11. The decree of the Supreme Court of Louisiana provides “conclusive evidence of the guilt of the offense.... ” Id. This Court need do no further fact-finding, as the sole issue is the extent of the discipline to be imposed. See Miss. Bar v. Ishee, 987 So.2d 909, 911 (Miss.2007). This Court applies nine criteria in assessing attorney sanctions. See Rogers v. Miss. Bar, 731 So.2d 1158, 1171 (Miss.1999). The Louisiana Supreme Court considered these criteria in its determination of the appropriate sanction. See Clark, 25 So.3d at 732-34. This Court defers to Louisiana’s findings, as it “takes the cold record of the foreign jurisdiction as conclusive .... ” Miss. Bar v. Drungole, 913 So.2d 963, 970 (Miss.2005). “[T]he sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance....” Ishee, 987 So.2d at 911.
¶ 12. There being no extraordinary circumstances, we impose reciprocal discipline, effective from the date of entry of this decision. Clark shall be suspended for two years from the practice of law in the State of Mississippi. At the end of the suspension, Clark may petition this Court to reinstate him. Miss. State Bar Discipline R. 12(a). All costs and expenses of this proceeding are taxed against Clark.
¶ 13. ROBERT E. CLARK IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR TWO (2) YEARS AND ASSESSED WITH COSTS AND EXPENSES.
WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.

. Id. at 731-732; State of Miss. Judiciary, Admin. Office of Courts, Bar Roll, httpj/www. mssc.state.ms.usfbanollfbanoll.html (last viewed July 28, 2010).