*427
ON WRIT OF CERTIORARI

KITCHENS, Justice,
for the Court:
¶ 1. After an administrative judge (AJ) rules on a claimant’s petition to controvert a workers’ compensation claim, the claimant has twenty days to file a notice of appeal with the full Mississippi Workers’ Compensation Commission (Commission). In this ease, the Court must determine whether an AJ’s order, handed down more than twenty days after the AJ’s ruling and granting a claimant thirty additional days in which to prosecute her claim, should be given legal effect by the Commission so that the claimant’s notice of appeal, filed within the additional thirty days, is timely. We find that, under the facts and circumstances presented, such an appeal is timely.
FACTS AND PROCEDURAL HISTORY
¶ 2. Erica L. Felter was injured in a car accident while working as a territorial manager for Floorserv, Inc. She filed a petition to controvert with the Commission on February 1, 2007. An AJ rendered a decision adverse to Felter on January 9, 2009. On January 29, Felter’s attorney, Robert Clark, mailed to the AJ and Felter a motion to withdraw as counsel. The stated reason was that he “does not do any appellate work.” Felter alleges that Clark mishandled her case, argued with her, and probably was under the influence of drugs during the pendency of her case.[1] The motion to withdraw was received by the AJ on February 2, 2009. The AJ granted the motion to withdraw by order dated February 19, 2009. The order also stated that Felter had thirty days from the date of the order to obtain new representation or prosecute her claim pro se. Felter appealed, pro se, the AJ’s decision to the full Commission on March 4, 2009. The Commission dismissed her petition as untimely because it was not filed within twenty days of the AJ’s January 9, 2009, decision. Felter appealed that decision to the Adams County Circuit Court, which affirmed the decisions of the Commission and the AJ. The Court of Appeals (COA) also affirmed. See Felter v. FloorServ Inc., 140 So.3d 431 (Miss.Ct.App.2012).
ANALYSIS
¶ 3. Felter argues that the AJ’s order dated February 19, 2009, granted her thirty days, or until March 21, 2009, in which to pursue the prosecution of her claim. Because she filed her notice of appeal with the Commission within thirty days of the AJ’s order, on March 4, 2009, she claims her appeal was timely and should have been considered by the full Commission. She also argues that the AJ’s decision was not based on substantial evidence and she should have been able to present her case to a jury in the circuit court. Floorserv and the other defendants (“Floorserv”) argue that the AJ’s ruling became final on January 29, 2009, twenty days after the ruling was handed down. Floorserv claims that, after that, the Commission lacked jurisdiction to hear the appeal. The Commission, the circuit court, and the Court of Appeals all agreed with this conclusion. Because the issue of the timeliness of Felter’s appeal to the Commission is dispositive to our holding, we will not analyze the other issues raised on appeal.
*428 ¶ 4. The procedural and practical rules governing workers’ compensation claims “shall be determined by rules of the com-mission_” Miss.Code Ann. § 71-3-47 (Rev.2011). Procedural Rule 10 states that any party desiring review of the AJ’s decision by the full Commission “shall within twenty (20) days of the date of said decision file ... a written request or petition for review before the Full Commission.” Miss. Admin. Code 20-2-1:2.10 (2011). Procedural Rule 14 adds:
In any case, for good cause shown, the Commission or the Administrative Judge may permit deviations from these rules insofar as compliance therewith may be found to be impossible or impracticable, except that the time limits for requesting review of an Administrative Judge’s decision or for perfecting an appeal to circuit court from a decision of the Commission may not be waived unless otherwise provided by statute or case law.
Miss. Admin. Code 20-2-1:2.14 (2011). Procedural Rule 14 states that an AJ may deviate from procedural rules if a party cannot comply with them. However, any deviation from the time period to appeal an AJ’s decision is permitted only if it is allowed “by statute or case law.” This language suggests that the courts of this state have authority to make allowances for situations in which an AJ may waive the time limit for requesting review of an AJ’s decision.
¶ 5. By statute, an AJ’s decision to “make or deny an award ... shall be final, unless within twenty (20) days a request or petition for review by the full commission is filed.” Miss.Code Ann. § 71-3-47 (Rev. 2011). If the notice of appeal is not filed within twenty days, the Commission does not have jurisdiction to hear the matter. See Marlboro Shirt Co. v. Whittington, 195 So.2d 920, 921 (Miss.1967). The Commission will hear an appeal filed after the twenty-day time period only if there are “unique facts which would permit [the] petition to be considered constructively filed” within the twenty days. Ford v. KLLM, Inc., 909 So.2d 1194, 1196 (Miss.Ct.App.2005). There, the Court of Appeals found that an appeal that was mailed on the last day it should have been filed, in the absence of any “unique facts which would permit [the] petition to be considered constructively filed,” was untimely. Id. Ford cited Williams v. Furniture Land, 637 So.2d 191 (Miss.1994), in which this Court held that the Commission’s faulty method of handling incoming mail permitted an out-of-time appeal to be considered constructively filed within the twenty-day period. In Williams, the Commission was receiving notices of appeal on the last day; but since it checked its mail only once a day, before all the mail had come in for the day, notices that were received a day late were deemed by the Commission to have been constructively filed within the twenty-day time limit. Williams, 637 So.2d at 191. This Court held that “a one day only allowance may be made to compensate for internal procedures so as not to penalize claimants for matters beyond their control.” Id. For Felter’s notice of appeal to be considered timely, we must determine whether there is a set of “unique facts” regarding her appeal which allows us to conclude that her petition was constructively filed within the deadline.
¶ 6. Because the AJ’s ruling was dated January 9, 2009, the last day Felter could file a notice of appeal with the Commission was twenty days later, on January 29. January 29 was the day that Clark mailed his motion to withdraw as counsel to Fel-ter and the AJ. As of that date, no notice of appeal had been filed by Felter or Clark. Floorserv argues that, after January 29, 2009, the Commission was without *429 jurisdiction to hear the appeal, and the AJ’s ruling was final. The AJ received the motion to withdraw on February 2 and granted it on February 19. Seeing that Fetter suddenly was without counsel and the time for her appeal had expired, the AJ extended Fetter’s deadline to prosecute her claim for thirty more days from the date of the order.
¶ 7. Floorserv correctly states that, generally, the Commission is without jurisdiction to hear an appeal from an AJ if no appeal has been filed within twenty days of the AJ’s decision. However, this Court has recognized that the deadline may be extended in light of “unique facts” that would permit the filing to be considered timely. Williams, 637 So.2d at 191. See also Ford, 909 So.2d at 1196. Further, the procedural rules of the Commission clearly state that case law is a proper basis for an expansion or waiver of the time period to file an appeal. Miss. Admin. Code 20-2-1:2.14 (2011). Therefore, if warranted by the facts of the case, this Court is empowered to give an AJ or the Commission the authority to waive the time period for filing a notice of appeal.
¶ 8. We find that the facts before us warrant such an exception. On the last day that Fetter could have filed her notice of appeal, Clark mailed her a copy of his motion to withdraw as counsel. In granting Clark’s motion to withdraw as counsel, the AJ clearly determined that fairness required an extension of time for Fetter to prosecute her claim. We agree. We also find that it would be exceedingly unfair to a pro se litigant to be told by an AJ that she may prosecute her appeal within a certain time, for her to comply with the terms of the order, and then to have that order held for naught by the Commission. Erica Fetter complied with the ruling of the AJ granting her thirty additional days to pursue an appeal. This case presents a set of unique facts under which the notice of appeal should be considered timely as contemplated by Ford, 909 So.2d at 1196. The order should be given legal effect, and the Commission should hear Fetter’s appeal.
CONCLUSION
¶ 9. We hold that the case before us presents a set of unique facts which permits this Court to find that Erica Fetter’s notice of appeal was timely. When an attorney for a claimant moves to withdraw as counsel within the twenty-day time period to file a notice of appeal with the Commission, and the administrative judge grants the motion and further grants the claimant a reasonable extension of time to appeal her case, an appeal to the full Commission is timely when it is filed within that additional time period. Here, Clark mailed his motion to withdraw as counsel to Fetter on January 29, 2009, the last day on which Fetter could file an appeal with the Commission. The administrative judge granted the motion to withdraw and granted Fetter thirty additional days to prosecute her claim. Fetter filed her appeal to the Commission within that thirty-day time period. Accordingly, we hold that Fetter’s appeal to the Commission was timely. We reverse the dismissal of her claim as untimely, reverse the decisions of the Adams County Circuit Court and the Court of Appeals, and remand the case to the Mississippi Workers’ Compensation Commission for further proceedings consistent with this opinion.
¶10. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., PIERCE AND KING, JJ., CONCUR. COLEMAN, J., DISSENTS WITH *430 SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., LAMAR AND CHANDLER, JJ.

. None of these assertions has any support in the record. However, Clark was suspended from practicing law in Louisiana for two years for distributing marijuana and other drug-related charges. In re Clark, 25 So.3d 728 (La.2009). He was reciprocally suspended by this Court in August 2010. The Mississippi Bar v. Robert E. Clark, 84 So.3d 1 (Miss.2010).