ROBERTS, J.,
for the Court:
¶ 1. Renita Bishop voluntarily quit her job as an assistant manager for Gresham Service Stations in Greenville, Mississippi. She sought unemployment benefits through the Mississippi Department of Employment Security (MDES). The administrative law judge found that Bishop was not entitled to benefits because she *1255 had voluntarily quit, and the Board of Review affirmed the administrative law judge’s decision. Following her unsuccessful appeal to the Washington County Circuit Court, Bishop now appeals to this Court. However, we find that she is not entitled to relief. Accordingly, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. For approximately three years, Bishop worked as an assistant manager for Gresham Service Stations. On October 26, 2012, Bishop voluntarily quit her job during a verbal altercation with her manager and supervisor. The altercation that led to Bishop’s decision to quit pertained to whether Bishop was required to clock out during breaks.
¶ 3. Bishop sought unemployment benefits. The administrative law judge held that Bishop was not entitled to benefits because she voluntarily left her job without good cause for doing so. The Board of Review affirmed the administrative law judge’s decision. The circuit court affirmed the Board of Review’s judgment. Bishop appeals.
ANALYSIS
¶ 4. We must first note that Bishop did not cite any authority in her brief. Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure requires an appellant’s brief to “contain the contentions of [the] appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” Likewise, Mississippi easelaw has consistently held that “[f]ailure to cite any authority is a procedural bar, and [a reviewing court] is under no obligation to consider the assignment.” Taylor v. Kennedy, 914 So.2d 1260, 1262 (¶ 4) (Miss.Ct.App.2005) (citation omitted). We acknowledge that Bishop is representing herself. Even so, the Mississippi Supreme Court has held that “pro se parties should be held to the same rules of procedure and substantive law as represented parties.” Forrest v. McCoy, 996 So.2d 158, 160 (¶ 7) (Miss.Ct.App.2008) (citations omitted). Consequently, we are not required to address the merits of Bishop’s appeal.
¶ 5. Furthermore, it does not appear that Bishop actually raises an issue on appeal. Although she filed a handwritten brief, we note that it is almost entirely comprised of her recitation of the facts that led to her decision to quit her job. Bishop did not claim that the Board of Review erred in any particular way. She simply disagrees with its decision, because “it was not professional that [she] was approached at [a cash] register while [she] had customers in line.” Otherwise, Bishop states:
[D]uring the telephone interview with the MDES judge[,] [store supervisor] Mary Vernon was asked to leave the room while they spoke with myself and [area supervisor] Laura Byers[.] [Vernon] told me that [Byers told her] not to leave the room, and that every[]time she was asked a question[, Byers] wrote on a piece of paper what to say[.] I personally feel that MDES need[s] to ... have the meetings or hearing[s] at the WIN job center.
In other words, Bishop seems to claim that Byers coached Vernon’s testimony during the telephonic hearing before the administrative law judge. However, Bishop does not direct us to the relevant point in the transcript, and we can find no indication that the administrative law judge ever told Vernon to leave the room.
¶ 6. What is more, Bishop’s claim that Byers coached Vernon’s testimony is entirely unsubstantiated. The record con *1256 tains no sworn affidavit by Vernon. And “statements in briefs are not evidence[.]” Limbaugh v. Limbaugh, 749 So.2d 1244, 1248 (¶ 19) (Miss.Ct.App.1999). To the extent that Bishop’s statement should be considered as an issue on appeal, there is no merit to it.
¶ 7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.