GRIFFIS, P.J.,
for the Court:
¶ 1. Erika Felter appeals the decision of the Mississippi Workers’ Compensation Commission denying permanent disability and additional medical benefits she requested as part of her workers’ compensation judgment. We find no' error and affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 27, 2006, Felter suffered injuries in a car accident while working for her employer, FloorServ. On April 1, 2007, Felter filed a petition to controvert with the Commission. The administrative judge (AJ) issued an order awarding Fel-ter compensation through August 30,> 2006, when Felter reached her maximum medical improvement (MMI). Felter then, .attempted to appeal the AJ’s decision.
¶ 3. This Court previously considered this case. Felter v. FloorServ Inc. (Felter I), 140 So.3d 431 (Miss.Ct.App.2012). The Court affirmed the decision of the Commission and the Adams County Circuit Court, which found Felter’s appeal of the AJ’s decision untimely. Id. at 433 (¶2).
■ ¶ 4. We restate the facts and procedural history discussed in the earlier opinion:
On the day of the car accident, Felter presented to the Natchez Regional Medical Center’s emergency room. She complained of pain “all over,” with specific complaints of neck and abdominal pain. Felter underwent an abdominal and pelvic CT scan and x-rays of her chest, cervical spine, pelvis, left hip and knee, 'and'lumbar spine. Felter’s CT scans and ... x-rays showed no abnormalities, and the medical center released Felter to return home.
Following the accident, Felter saw several other doctors. On April 2, 2006, Felter presented to Dr. Ibrahim Seki at Riverpark After Hours Clinic, complaining of severe back pain. At this visit, Dr. Seki diagnosed Felter with acute myofascial strain of the lumbar spine and possible degenerative-disc disease. Felter returned to Dr. Seki for an MRI of the lumbar spine on April 8, 2006, which showed minimal changes at the L4-5 and L5-S1 areas. Dr. Seki ultimately diagnosed Felter. with low-back pain and possible degenerative-disc disease.
Dr..Seki referred Felter to Dr. Passman at Passman-Haimson Orthopedic Sports and Rehab. Dr. Passman ordered a second lumbar MRI, which showed no abnormalities. Dr. Passman concluded .that Felter’s “nerves might be the source of her problems.” He also indicated that he did not believe that Felter needed treatment from an orthopedist or a neurosurgeon but that she might benefit from treatment from a psychiatrist.
On her own accord, Felter presented to Dr. J.H. Fairbanks. Dr. Fairbanks diagnosed Felter with thoracic strain and possible sciatica. He also recommended that she attend physical therapy sessions and ordered an MRI of her thoracic spine. Ultimately, Dr. Fairbanks concluded that Felter was temporarily totally disabled. However,” he noted that Felter’s MRI did not indicate the need for surgical intervention, and he *591 determined that she had reached MMI on June 21, 2006. Dr. Fairbanks also referred Fetter to Dr. Joseph Turnip-seed, a pain-management specialist.
Dr. Tumipseed first saw Fetter on May 31, 2006. She presented to him with complaints of mid-back pain, low-back pain, and left-leg pain with 'numbness. On June 27, 2006, Dr. Tumipseed released Fetter to return to light-duty work. On September 12, 2006, Fetter returned to Dr. Turnipseed’s office, complaining of neck pain. However, Dr. Tumipseed could not connect Fetter’s neck pain to her on-the-job injury.
At FloorServ’s request, Dr. Anthony Iappolo, a neurosurgeon, examined Fel-ter on August 30, 2006. Dr. Iappolo found that Fetter’s MRI results did not support her complaints. During the examination, Dr. Iappolo discovered a spinal L4 protrusion[,] but determined that it was not related to' Fetter’s back-pain complaints. He also did not find any herniated discs. Further, Dr. iappolo determined that Fetter’s medical treatment up to August 30, 2006, had been reasonable and necessary. However, he saw no need for further treatment except possibly a nerve-conduction study to investigate Fetter’s complaints of radiating pain on the left side of her body. Dr. Iappolo diagnosed Fetter with chronic cervical' and lumbar pain of unknown origin.
FloorServ also referred Fetter to Dr. W. Lyn Stringer, a neurosurgeoh, for evaluation. Dr. Stringer examined Fetter on September 17, 2007. Based on Fetter’s medical history, a review of past radiological films, and his examination of Fel-ter, Dr. Stringer diagnosed her with post-traumatic cervical, thoracic, 'and lumbar-spine pain of uncertain origins. Dr. Stringer noted a degenerative-disc bulge at the T8-T9 area, which was present prior to the accident, and also noted degenerative changes in the lumbar spine during the year following- the accident.
On January [9], 2009, the AJ ruled that Fetter had reached MMI on August 30, 2006, and that she.was not entitled to additional indemnity or medical benefits from FloorServ. The AJ also ruled that Fetter had failed to prove that she suffered a loss of wage-earning capacity. On February 19, 2009, the AJ allowed Fetter’s attorney to withdraw from the case and gave Fetter thirty days “to obtain representation by another attorney or continue prosecution of the claim without legal representation.” Fetter proceeded pro se and appealed the AJ’s order to the full Commission. The Commission dismissed Fetter’s appeal as untimely.
Id. at 433-34 (¶¶ 6-13).
¶ 5. The Mississippi Supreme Court granted certiorari and reversed the case, finding' that Fetter timely appealed the AJ’s decision. Felter v. FloorServ Inc. (Fetter II), 140 So.3d 426, 429 (¶ 9) (Miss.2013). The supreme court remanded the case to the Commission for á finding on the merits of her appeal. Id.
¶ 6. On remand, the Commission affirmed the AJ’s decision on the merits of Fetter’s appeal on June 20, 2014. It is from this ruling that Fetter now appeals.
STANDARD OF REVIEW
¶ 7. “The standard of review by which an appellate court resolves a workers’ compensation case is that of substantial evi-dénce; however, where the issue is one of law and not of fact, the standard of review is de novo.” Hugh Dancy Co. v. Mooneyham, 68 So.3d 76, 79 (¶ 6) (Miss.Ct.App.2011) (quoting Shelby v. Peavey Elecs. Corp., 724 So.2d 504, 506 (¶ 8) (Miss.Ct.App.1998)). “Absent an error of law, we *592 must affirm the Commission’s decision if there is substantial evidence to support the Commission’s decision.” Id. (citation omitted). -
ANALYSIS
¶ 8. Fetter asserts on appeal that the AJ refused to take certain medical records into consideration in her findings. Fetter also argues that the AJ decided the outcome of the case during a September 23, 2008 phone conference, which occurred the day before the September 24, 2008 hearing. FloorServ counters that Fetter failed to support her assertions with legal authority and substantial evidence supported the AJ’s and the Commission’s decisions.
¶ 9. “Rule 28(a)(6) of the Mississippi Rules of Appellate Procedure requires an appellant’s brief to ‘contain the contentions of the appellant with respect to the issues presented, and the reasons for those com tentions, with citations to the authorities, statutes, and parts of the record relied on.’ ” Bishop v. Miss. Dep’t of Emp’t Sec., 145 So.3d 1254, 1255. (¶ 4) (Miss.Ct.App.2014) (quoting M.R.A.P. 28(a)(6)). “[T]he Mississippi Supreme Court has held that ‘pro se parties should be held to the same rales of procedure and substantive law as represented parties.’ ” Id. (quoting Forrest v. McCoy, 996 So.2d 158, 160 (¶ 7) (Miss.Ct.App.2008)).
¶ 10. “The law is well established in Mississippi that this Court is not required to address any issue-that is-not supported by relevant authority.” Hills v. Hills, 986 So.2d 354, 355 (¶ 4) (Miss.Ct.App.2008) (citing Bell v. State, 879 So.2d 423, 434 (¶ 28) (Miss.2004)). Therefore, this Court is not required to consider Fel-ter’s claims on appeal. Despite this procedural bar, wé find Fetter’s claims merit-less.
¶ 11. This Court previously discussed the merits of Fetter’s appeal after finding her untimely appeal of the AJ’s ruling procedurally barred. Felter I, 140 So.3d at 436 (¶ 20). This Court found substantial evidence supported the AJ’s findings that Fetter reached MMI on August 30, 2006,. Fetter failed to demonstrate any loss of wage-earning capacity, and Fel-ter was not entitled to additional medical benefits. Id. at (¶ 23).
¶ 12. When the supreme court previously reversed and remanded this case,.the court did not address this Court’s findings regarding the merits. See Felter II, 140 So.3d at 429 (¶ 9). Regardless of the effect of the prior decision, we affirm the rulings .of the AJ and the Commission.
¶ 13. Medical evidence presented in the record at the hearing on September 24, 2008, showed differing opinions as to when Fetter reached MMI. Dr. Fairbanks determined Fetter reached MMI on June 21, 2006, while Dr. Iappolo found Fetter’s medical treatments through August 30, 2006, to be reasonable. Additionally, Dr, Passman found Fetter did not need further treatment from a surgeon or neurologist, and Dr. Turnipseed could not connect Fel-ter’s continuous pain to the car accident. Thus, the AJ weighed the evidence to reach a conclusion regarding Fetter’s MMI.
¶ 14. The Commission ruled the substantial evidence supported the AJ’s finding that Fetter reached MMI on August 30, 2006. The Commission also found Fetter, did not meet her burden in proving a loss of wage-earning capacity. The Commission concluded that the medical evidence and Fetter’s failure to search for another job weighed against a finding of permanent disability. We agree and find the AJ and Commission did not err in these rulings.
¶ 15. We also find Fetter’s claim that the AJ refused to allow certain medi *593 cal records into evidence to lack merit. At the September 24, 2008 hearing, the AJ read the list of exhibits on the record, and then asked counsel if any additional exhibits were necessary. Fetter’s attorney at the hearing responded: “I believe that gets it, Your Honor.” Thus, Fetter cannot now claim the AJ excluded any medical records or evidence when she failed to raise the issue below.
¶ 16. Additionally, Fetter’s contention that the AJ stated she would find for FloorServ during a telephone conference call prior to the hearing is without merit. Fetter points to nothing in the record to indicate the AJ improperly ruled regarding her case. Further, without any factual evidence or legal authority, we cannot find in favor of Fetter on this issue. For these foregoing reasons, we affirm the findings of the Commission.
¶ 17. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.