## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00786-COA

**FAITH ABERCROMBIE**                                                    **APPELLANT**

**v.**

**JONATHAN ABERCROMBIE**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/10/2015 |
| TRIAL JUDGE: | HON. M. RONALD DOLEAC |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | FAITH ABERCROMBIE (PRO SE) |
| ATTORNEY FOR APPELLEE: | JONATHAN ABERCROMBIE (PRO SE) |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| TRIAL COURT DISPOSITION: | DIVORCE GRANTED TO APPELLEE BASED ON HABITUAL CRUEL AND INHUMAN TREATMENT; CUSTODY OF MINOR CHILD AWARDED TO APPELLANT; APPELLEE ORDERED TO PAY $280 IN CHILD SUPPORT PER MONTH |
| DISPOSITION: | AFFIRMED - 06/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Faith Abercrombie appeals pro se from a final judgment of divorce granted to Jonathan Abercrombie in Lamar County Chancery Court on April 16, 2015. She argues that the trial court lacked subject-matter jurisdiction over the divorce and custody proceedings and that Jonathan obtained the divorce by fraud. Faith did not appear below or file post-judgment motions for relief in the trial court. She raises all issues for the first time on appeal.

Based on the limited evidence available in the record before us, we affirm the judgment of divorce and custody without prejudice to Faith's ability to assert what claims for relief may remain available to her under the Rules of Procedure and the laws of Mississippi.

## FACTS AND PROCEEDINGS BELOW

¶2.    Faith and Jonathan were married in September 2008 in Pearl River County. Their son, Remington Abercrombie, was born in Lamar County in November 2010. According to Faith's appellate brief, the whole family moved to Louisiana when Remington was still an infant,[1] and resided together in the Louisiana marital home until Jonathan moved out on June 14, 2014.

¶3.    Jonathan filed a complaint for divorce in Lamar County on December 23, 2014, asserting the ground of habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Concerning jurisdiction, his complaint states:

> That the Plaintiff is an adult bona fide resident citizen of Lamar County, Mississippi, and has been for more than six (6) months preceding the commencement of this Cause, and that this Court has jurisdiction of the parties as well as the subject matter herein.

Concerning jurisdiction over custody of the minor child, his complaint asserts:

> [Mississippi] is the home state of the minor child for a period of more than six (6) months before the commencement of the proceedings herein, and that it is in the best interest of the minor child that this Court assume jurisdiction because the child and the parties have a significant connection with the state and there is available in the state substantial evidence concerning the child's present and future care, protection, training and personal relationship in the State of Mississippi. It appears that no other state would have jurisdiction of this matter, and this state is the more appropriate forum to determine the

---

[1] She does not provide a specific date or year.

custody of the minor child and it is in the best interest of the minor child that this state assume jurisdiction.

¶4. The complaint asked that Faith be awarded custody of the minor child and that Jonathan pay reasonable child support. Concerning marital property, it asked that Faith keep the couple's house in Louisiana and that she be responsible for the mortgage payments, that she keep the couple's 2004 Nissan and that Jonathan keep the couple's 2007 GMC, that Jonathan keep the Bass Tracker boat and be responsible for payments on it, and that Faith have responsibility for credit cards in her name. Faith failed to answer the divorce complaint. The final judgment for divorce was issued on April 15, 2015, granting child custody to Faith, with the child support set at $280 per month.

¶5. Faith filed her notice of appeal on May 18, 2015. She asserts in her brief that, following notice of Jonathan's complaint for divorce and prior to the deadline for her to file an answer, Jonathan sent her a text message stating that his counsel had filed for a dismissal of the divorce proceedings. She states that she "did not respond to the Complaint in reliance on this text message from the man she believed still intended to remain her husband."

¶6. Attached to Faith's brief are documents indicating that the Louisiana 23rd Judicial District Court issued an Order of Protection and a Temporary Restraining Order in favor of Faith and Remington against Jonathan on June 24, 2014. Also attached to her brief are school documents indicating that Remington began primary school in Louisiana in August 2014.

¶7. Faith asserts that, after moving out of the marital home on June 14, 2014, Jonathan rented a room from a coworker and continued to live in Louisiana until August 2014, at which time he moved to Mississippi. She asserts that the minor child continued to live in

3

Louisiana, as supported by the documents of his school enrollment. She asserts that Jonathan's statement in the divorce complaint that Remington lived in Mississippi for more than six months prior to the divorce proceedings is false.[2]

**DISCUSSION**

¶8. We review the chancery court's grant of divorce and custody determinations for abuse of discretion. *Arrington v. Arrington*, 80 So. 3d 160, 164 (¶11) (Miss. Ct. App. 2012). Questions of law are reviewed de novo. *Id*. Faith argues on appeal that the chancery court lacked jurisdiction to hear the action or that, in the alternative, the divorce was obtained by fraud due to Jonathan's texting her that he had filed to dismiss the divorce complaint.

¶9. Subject-matter jurisdiction may be raised for the first time on appeal. *See* M.R.C.P. 12(h)(3). However, we will not consider new evidence for the first time on appeal. *Myers v. State*, 145 So. 3d 1143, 1152 (¶23) (Miss. 2014); *Craft v. Craft*, 32 So. 3d 1232, 1243 (¶29) (Miss. Ct. App. 2010). Factual assertions raised in appellate briefs are not evidence and will not be used as grounds for reversing the trial court's judgment. *Bishop v. Miss. Dep't of Emp't Sec.*, 145 So. 3d 1254, 1256 (¶6) (Miss. Ct. App. 2014). In *Bishop*, this Court held that a claimant's unsubstantiated assertion in an appellate brief that a store supervisor's testimony

---

[2] Jonathan failed to file an appellate brief. The clerk's office issued Jonathan a show-cause notice on October 6, 2015, under Mississippi Rule of Appellate Procedure 2(b). Jonathan did not respond to the show-cause notice. "An appellee's failure to file a brief on appeal is tantamount to confession of the errors alleged by the appellant. However, automatic reversal is not required if this Court can say with confidence that the case should be affirmed." *Carlson v. City of Ridgeland*, 131 So. 3d 1220, 1222 (¶7) (Miss. Ct. App. 2013). Where issues of child custody are involved, we will review the record notwithstanding the appellee's failure to file a brief. *Wade v. Wade*, 967 So. 2d 682, 683 (¶4) (Miss. Ct. App. 2007).

was coached by an area supervisor did not qualify as evidence that the coaching took place. *Id.*; *see also Onyia v. Miss. Emp't Sec. Comm'n*, 98 So. 3d 1136, 1138 (¶11) (Miss. Ct. App. 2012).

¶10.     Here, Faith's factual assertions contradicting Jonathan's claim that he was a bona fide resident of Mississippi at the time he filed for divorce and that Mississippi was the child's home state have only been raised in her brief on appeal and are not evidence that we can use to reverse the trial court's judgment. We have before us a final judgment that we must review considering only the evidence in the record. And we "proceed on the assumption that when the trial court made no specific finding, all fact issues were resolved in favor of [the] appellee." *Harrison v. Boyd Miss. Inc.*, 700 So. 2d 247, 249 (Miss. 1997) (citing *Newsom v. Newsom*, 557 So. 2d 511, 514 (Miss. 1990)). We therefore decline to reverse the chancellor's judgment on the ground that the court lacked subject-matter jurisdiction.

¶11.     Concerning Faith's argument that the divorce was obtained by fraud, this Court lacks jurisdiction to consider a request to set aside a judgment obtained by fraud where the request has not first been presented to the trial court. *Ory v. Ory*, 936 So. 2d 405, 409 (¶9) (Miss. Ct. App. 2006). We therefore decline to address this issue.

**CONCLUSION**

¶12.     Based on the evidence in the record before us, we affirm the chancery court's judgment without prejudice to Faith's ability to assert what claims for relief may remain available to her under the Rules of Procedure and the laws of Mississippi.

5

¶13.   **THE JUDGMENT OF THE LAMAR COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.**